SIR: — The bearer hereof, Mr. Henry Fleury, informs me that he is about bargaining with you for the purchase of a new vessel and a cargo for her, also for a quantity of Indian corn. In case you and he should agree, I will guarantee any contract he may enter into with you for the same or any part thereof, and am,
 Sir, very respectfully, Your obedient servant, JOSIAH COLLINS.
EDENTON, Nov. 2, 1803.
(383) The material facts in the case were that in consequence of the above letter the contract was made, and the vessel and cargo delivered to Fleury, who was to pay for them in three several installments; for which he executed three notes, one payable 1 January, 1805, one on 15 June, 1805, and one on 15 June, 1806. These notes being unpaid, Williams instituted suit against Fleury, on 17 August, 1807, returnable to September term of the same year. A verdict was found for the plaintiff at March Term, 1808, and an execution issued from that term which was returned at June term "Nothing to be found"; an alias issued which was returned at September in the same manner.
The writ in this suit issued on 9 October, 1808, returnable to November of the same year, at Martin Superior Court.
On 15 January, 1807, Fleury mortgaged to creditors, in New York, property which was sold on 19 December, 1809, for £ 1,283 7.
Fleury became entitled to property under the will of Vallett, which was found in December, 1806, to the amount of £ 345. Fleury and Collins both lived in Edenton.
The present action is brought for a breach of defendant's agreement, to which the defendant has pleaded the "general issue and act of limitation." The agreement which the plaintiff exhibits is a letter written by the defendant to the plaintiff in which the defendant states that he will guarantee any contract which one Fleury may make with the plaintiff for a vessel and cargo, or any part thereof. (386) Fleury makes a contract for the vessel and cargo, payable in installments, the last of which was within three years of the commencement of the present action; and the defense relied upon is that Fleury was able
to have complied with his own engagement if the plaintiff had used due diligence, but that he is now, and has been for some time, insolvent; and that the loss should be borne by the plaintiff, who might by proper vigilance have obtained payment from Fleury.
In the opinion of a majority of the Court the case is completely stripped of all difficulty by examining what was the nature and extent of the guaranty. It was not, as seems to be supported by the argument, that Fleury should be able to comply with any contract he might make; but that he should comply. The defendant, therefore, to all legal consequences, became pledged absolutely to the same extent that Fleury was bound, as soon as the plaintiff parted with his property; for it is apparent, from the terms in which the letter is written, that it was the defendant who was principally relied on. And as to the failure of Fleury, that was an event which it was incumbent on the defendant to guard against; and it behoovedhim to hasten the plaintiff or make such other provisions for his own safety as Fleury's circumstances would afford. But as to the plaintiff, he had from the beginning provided against that by requiring some other person to be bound to him who should be able to make good the contract of Fleury, though Fleury himself might fail; that the extent of the defendant's liability, as to every consequence in law, was the same as if he had himself signed the obligations which Fleury executed to the plaintiff; and that if his situation as a surety or warrantor was to avail him anything,he must himself entertain and express an anxiety that suit should be brought against Fleury, otherwise the plaintiff need not; for, indeed, the fact may be that the plaintiff considered the defendant and Fleury equally interested in the purchase, as a joint concern.
As to the act of limitation, that is out of the question. The (387) plaintiff could maintain but one action upon the agreement, and to have the full benefit of it he must wait till the last failure of Fleury. Upon the whole, we think there is not the least analogy between this case and those which were cited for defendant. *Page 294 
The guaranty made by an endorser is a conditional one, this an absolute one. The guaranty that the purchaser of cotton should be indemnified upon a resale can only be understood to mean an engagement that the price of the article shall be such that if the purchaser chooses he may have an opportunity of saving himself. The engagement in the present case, to be analogous to those, must be that defendant guaranteed Fleury should be able
to comply with his engagement. He has, however, thought proper to warrant that he should comply, and, consequently, as Fleury has failed, the defendant is bound to perform his own; and therefore there must be judgment for the plaintiff.