Ruffin, Judge.
 

 It is
 
 the
 
 settled course
 
 in
 
 personal actions, to allow a new suit to be brought after a non-suit in a former action, though the time of limitation hath expired, provided the first was commenced in due time, and the second within a year after the determination of the former. This is not within the words of the act, but it is established by a long train of decisions, to be within the equity of it.
 

 The idea of the Plaintiff seem to be, that this case is within the like reason, because in ejectment, a verdict in one suit is not a bar to another action.
 

 The doubt (if indeed there be a doubt) is, whether the equity alluded to, extends to ejectment at all. Had there been a nonsuit in the first action,- would the Plaintiff have been better off ? The reason why the statute is suspended during the pendency of a personal action, which has abated or terminated by nonsuit, is that the new action is a
 
 continuation
 
 of ,the former. In legal contemplation, both make but one. It is precisely the reverse in ejectment. This is the very cause, why a verdict in one ejertment is not a bar to another ejectment. Both are fictitious ; and the new demise, laid in the second action, gives the fictitious Plaintiff a new and different title. If then the real Plaintiff in ejectment claims to elude a bar, arising out of a former verdict, upon the ground that
 
 John Doe
 
 is now suing on a different title
 
 *235
 
 from that stated in his first declaration, shall he be allowed to impugn a distinct bar of the Defendant to the present action, by showing that this
 
 John Doe
 
 is the same person, who was before Plaintiff, and the title the same that he before had ? The two privileges are incompatible. They cannot stand together. Ejectments cannot be connected together for any purpose. Hence it follows, that the mode of the termination of one cannot help, as it cannot injure another. There is a difference between this and other cases. The action of ejectment is not barred by time. In other cases, the right is held to continue, though the remedy be barred. It is not so with ejectment. It is not mentioned in the statute. The entry, the right itself on which the action is founded, is divested. The
 
 proviso
 
 in sec. 6, speaks only of
 
 actions
 
 or suits, and is silent as to
 
 entries
 
 or
 
 claims
 
 to 1 and. It seems to refer to the actions mentioned in the section immediately preceding, to which it is a proviso. It cannot refer to the action of
 
 ejectment;
 
 for that is no where mentioned in the act. Indeed in the nature of tilings, it could not so refer
 
 •,
 
 for in ejectment, the question is not whether that action is barred',- but whether the lessor could enter. He could have no right to enter, unless he, or some one under whom he claimed, had been in possession within seven years. It is not sufficient to show that
 
 John Doe,
 
 upon the demise of the same lessor, had sued the Defendant for a term in the land. It has already been observed that being by a distinct demise, it is a different title. It is the same, as if the demise had been made by another lessor. If it be said, that the confession of lease, entry and ouster in the first action admits the possession within seven years, the answer is, that such confession has never been held to affect the sta* tute of limitations. If it did, we need not go back to the first action$ for the same confession is made in the second. And so, the statute could never bar a Plaintiffin ejectment. Besides this reason would itself fail, if the
 
 *236
 
 first action pended seven
 
 years;
 
 and thus would be most inefficient, where the greatest need for the rule existed.
 

 A case easily supposed, may put the position, that one ejectment cannot be aided by another, in a clearer light. Suppose seven years to expire, pending the first action $ that the Defendant leaves the possession, and that a third person enters, not in privity with the Defendant, and then the Plaintiff is nonsuited. No new ejectment can be brought against the former Defendant, because he is not in possession. The tenant now in possession cannot be affected by the first action, being neither party, nor'privy. This stranger then would protect himself by showing the former possession, by means of which the lessor of the Plaintiff had been prevented from entering within seven years. Why should not the same possession form a bar, in favor of the possessor himself? It seems, upon good authorities, that it docs. Mr. Justice
 
 Buller
 
 says,
 
 {Law of
 
 JV*. P. 102,) that if an ejectment be brought, and the Plaintiff be nonsuited, the .case is not brought out of the statute of limitations $ for there must be an
 
 actual entry
 
 for
 
 that
 
 purpose. This passage is commented on, and explained by
 
 Serjeant Williams
 
 in his note to
 
 Clerk
 
 v.
 
 Pywell,
 
 (1
 
 Sand. Rep.
 
 319, b.) He shows indeed, that an actual entry is not necessary to prevent the operation of the statute of limitations, in the sense in which it is required to avoid a fine —that is to say, that it must be made in every case of an adverse possession, before an action can be brought at any period. A
 
 fine
 
 divests the
 
 estate;
 
 and the statute of fines expressly requires an entry to revest it. No action can therefore be instituted at any time, before an entry to avoid the fine, because until an entry, the estate is out of the Plaintiff. Not so under the statute of limitations. A possession does not divest the estate until by a lapse of the whole time, the right of entry is taken away, and
 
 then
 
 even an - actual entry is unavailing, because made without right. The meaning therefore of
 
 *237
 
 the passage in
 
 Buller
 
 is, not that an actual entry must appear in every case in ejectment, under the statute of James, to have been made
 
 after the Defendant’s possession commenced ;
 
 but it is to be understood, that in every case an actual or legal possession in the lessor of the Plaintiff, or one under whom he claims, within twenty years before suit brought, must be shown ; and therefore if the twenty years are near expiring, the claimant ought actually to enter, to avoid the operation of the
 
 previous lapse
 
 of time, and take twenty years more to assert his right by action. That such would be the consequence of the entry, is shown by statute 4
 
 Anne, (ch.
 
 19,
 
 sec.
 
 16,) by which it is enacted, that no claim or entry upon lands shall be sufficient within the statute 21,
 
 Jac.
 
 1, unless an action shall be commenced within one year thereafter, and prosecuted with effect. It was seen, that without such a provision, the statute of limitation might be rendered useless, by entries made every nineteen years forever. To. prevent that, the statute 4
 
 Anne
 
 limits again the time upon this new entry to one year, for bringing suit, and requires suit to be prosecuted with effect, thereby cutting off tiie claimant from any further entry or action. Hence, although the actual entry is not, in the opinion of
 
 Sergeant Williams,
 
 necessary in ejectment under statute 21
 
 Juc.
 
 as it is under statute 4,
 
 Hen. 7
 
 yet it is
 
 advisable,
 
 when the twenty years are nearly out, so as to give the party
 
 another year.
 
 For the suit, given after the twenty years, is not one to be commenced within a year, after a former suit brought within the twenty years, but within a year after an
 
 actual entry,
 
 made with-jn the first twenty years.
 

 It is to be regretted here, perhaps, that any claim of reasoning should reach this result; since the period fixed by our statute of limitations is so short, and the statute of
 
 Anne,
 
 being one of those for the amendment of the law, is in force in this State. It will operate severely here j for it confines us to
 
 eight
 
 years, as the
 
 utmost
 
 li«
 
 *238
 
 mij; of time, though the party be prosecuting his claim at law during the whole period, unless the suit pending at . . „ . . ...
 
 .
 
 the expiration of the seven years, or brought within one year after an entry within the seven years, be effectually prosecuted. A century ago, the period of seven years was probably wisely fixed on. The state of the country ■required, that titles should be>settled by a short possession
 
 ;
 
 and wild lands being abundant, not much was lost to the true owner. But things have since much altered. And it is likely, that the conviction of that led the Courts to create the doctrine of
 
 Color of title,
 
 with the view of rendering the statute less effectual and injurious. It is to be doubted, whether the remedy is not the greater of the two evils. And after all, it may be found necessary for the Legislature once more to interfere, by enlarging the term beyond seven years, and abolishing the notion of color of title, or explaining what it is. An enlargement of the time seems to be thought necessary, by the profession generally. But the restriction in the statute of
 
 Anne
 
 is certainly
 
 salutary;
 
 for but for that, except in the case of the entry being tolled by descent cast, the party out of possession would be set at large, without any effectual limitation, since his power to sue would be Renewed continually, by entries from seven years to seven years.
 

 If therefore in the case before ns, the first action had terminated by nonsuit, the Defendant would have been 'protected by the statute of limitations.
 

 But being by verdict, the point is still clearer. The Court does not feel the force of the suggestion, that a new ejectment after a verdict, stands upon a footing with personal actions after a
 
 nonsuit;
 
 because the former suit is not a bar to the second, in either case. That principle relates to a matter very different from the present, The cases specified in the proviso in the act of 1715,
 
 sec.
 
 6, are, where there has been a verdict for the Plaintiffs and the judgment has been
 
 arrested;
 
 or where a judg-
 
 *239
 
 silent for the Plaintiff has been reversed for error. Both of these instances imply
 
 merits
 
 on the part of the Plaintiff, which the law does not allow to be defeated merely by the time flowing, while he is in the act, though inar-tificially, of prosecuting his claim. By construction, Judges have raised a further equity, in the cases of a nonsuit, and an abatement.' But it is an equity analogous to the rule of the statute. It is founded upon this, that the merits stand indifferent between the parties, as far as judicial proceedings show them. The Plaintiff therefore shall be heard, until lie can get a trial on the
 
 merits,
 
 provided he was diligent enough, in the first instance, to sue before time barred him, and renews his suit in a reasonable time. But this can never apply to a case, in which the merits have been tried, and a verdict given. This precise question can never arise in a personal
 
 action;
 
 because the
 
 right
 
 of the Plaintiff is barred by the verdict in the first action. No adjudica* sion is found, adopting it @s to ejectments. And the reason of the rule in other cases shows, that it ought not to be applied to this. The failure must be presumed to have arisen from defect of title, when a verdict is rendered against the Plaintiff. It is wholly unlike a nonr suit, or an abatement, or arrest of judgment, or reversal of judgment. In these last, the right has either been found for the Plaintiff, or has not been tried at all. The Court does not therefore perceive, that the Plaintiff failed to recover, under any circumstances, which will allow: the second suit to be benefited by the first.
 

 Per Curiam. — Let the judgment of the Court below be affirmed,