Ruffin, C. J.
 

 The Court is under the necessity, though reluctantly, of affirming the judgment.
 

 It is easy to conceive, that the constable may have given to the defendant, who was then sick a bed, and might not have read the paper, or been in a condition to judge for himself, such information as to the tenor of the endorsement and the hand-writing, as would leave no doubt on the mind of the defendant, that the words were written by the plaintiff, and purported to be an assignment of the note by the defendant to the plaintiff. That probability is rendered quite strong by the circumstance that the witness deposed, that he thought so at the time and took out the warrant accordingly. If, then, the defendant, under those circumstances, honestly believed so from the declarations of the plaintiff’s agent, and, soon afterwards, before he was better informed, or had the opportunity of enquiring into the truth from the plaintiff — then out of the State — he spoke ¡-the slanderous words, he would certainly be less culpable than if he had framed the tale of his own invention, or even had received his impression from a source, apparently not entitled to so much confidence. But, admitting all this, yet the judgment must stand, as the Court cannot proceed on probabilities of this sort, and assume, because the testimony of the witness might, that, therefore, it would, have
 
 been
 
 of that character. On the
 
 contrary
 
 the presumption of law is favourable to the judgment, that it is right, until the contrary appear; and it is incumbent on the appellant to show affirmatively, that
 
 *321
 
 there is error. To do that, it is not sufficient to state in the exception, that the defendant offered to prove “ the conversation that took place between the witness and the defendant at that time but it is obviously indispensable to set out what the conversation was, which it is alleged,'the Court erred in rejecting. Without putting down the conversation it cannot be seen that it was competent or relevant, or that a prejudice could have arisen to the defendant by excluding it. In other words, when the error assigned is in admitting or rejecting evidence, the exception must set out the evidence itself which was improperly admitted, or offered and improperly rejected.
 

 Another error was urged in the argument, namely, that the plaintiff’s evidence did not support the declaration, because the latter alleges substantially a charge of forging a note purporting to be made by the defendant, while the evidence leaves it uncertain, whether the charge was not one of forging an endorsement of a note by the defendant: which is a different forgery. But, for similar reasons, the Court cannot sustain this objection. It was not raised on the trial. The exception is exclusively to ruling out the evidence. The Court cannot know but that much other evidence was given, as to the speaking of the words, and must presume there was, if necessary to support the verdict. It has been frequently decided, that it is not necessary to support the verdict by showing a sufficient case made on the trial to justify it; and that the judgment must stand, in respect of matters
 
 dehors
 
 the record, unless by exception it appear, that the Court erred in point of law in receiving or rejecting evidence, or giving or refusing some direction to the jury,
 

 Í*er Curiam. Judgment affirmed.