Rums, C. J.
 

 If the opinions given on the trial w ere erroneous, yet as the case is stated in the bill of exceptions, it is not in the power of the court to assist the de*
 
 *433
 
 fendants, and it is therefore unnecessary and improper to decide the question of evidence. From the nature of a bill of exceptions, as has been frequently declared by this court, it is incumbent on the party excepting, when the error alleged consists in rejecting evidence, to shew distinctly in it, what the evidence was, in order that its relevancy may appear, and that it may be seen, that a prejudice has arisen to him from the rejection. In like manner, when the alleged error consists in admitting ev-dence, the exception must set forth the evidence actually given, as it is the only means whereby the court can ascertain whether or not the admission did, or might have done, the party a harm. For verdicts and judgments are presumed to be right and according to law and justice, until the contrary be shewn ; and the bill of exceptions is required to state all the facts necessary to show the error clearly, since the party excepting is presumed to state the case as strongly against the other party and for himself, as he can, consistently with the truth. It would be unsafe for a court of error to proceed upon any other principle; for it is improper and, indeed, impossible in practice to set forth in every bill of exceptions the whole case made at the trial, or to do more than to raise the points made at the trial, on which the decisions are complained of. But it is indispensablo to state the facts, on which those points arose, since, otherwise, it will not appear, that the decisions were practically injurious, and for such errors only can judgments be reversed, and not for any upon merely abstract questions, not legally affecting the rights in controversy. In the present case, one of the errors assigned is in rejecting a witness, who was to prove that a certain note for $20 was given by Staton to the plaintiff on the 11th of July, 1843, for usurious interest “for the forbearance of the day of paymentbut it is not stated what debt was foreborne nor for what period, so as to connect it with the bond sued on in such a manner
 
 *434
 
 as to render it void under the statute. It is left to inference merely, that the witness would have proved, that the plaintiff required or accepted that note as the consideration of his agreement to take the defendants for his debtors instead of the plaintiff, and to defer the payment a year in order to induce them to give their bond for the debt with interest. If that were the truth of the case, it would raise the question, whether the defendants, who are not alleged to have been parties to, or cognizant of, that part of the agreement, could avail themselves of the statute so as to avoid their bond subsequently given to the plaintifffor the sum really due to him, and for a sum truly owing from the defendants to Staton, the plaintiff’s original debtor. Upon it, perhaps, it might be necessary to hold, affirmatively, in order to prevent evasions of this beneficial statute; but we do not propose to give an opinion on it at present, nor have we, indeed, considered it, os it is not necessary to the decision we have to make. For, clearly, in order to affect their bond with usury, the defendants must at least establish, that the agreement, on which the note for $20 was given as the illegal premium for forbearance, had reference to the bond they were to give. That they have not done ; nor would have done, if the witness had been admitted and had sworn to what the exception says he was offered to prove, and it cannot be supposed he would have proved more. For it is not competent for this Court, without any direct allegation of the party to that purpose on the trial, to infer that, besides proving "that the note was given for the forbearance of the day of payment” of some debt, the witness would also have proved, that the forbearance purchased was prospectively of this debt, by giving twelve months time to the defendants on their bonds. Such an inference the Court could not, perhaps, drawin any case, but certainly, not in this. For here the note for
 
 $20,
 
 and the bond of the defendants were given, not only by different persons, but on different days ; and, secondly, there
 
 *435
 
 were two distinct agreements for forbearance, established upon the defendants’ evidence : the one, on the judgments and executions, under which the property was to be seized and held in this State, until the debtor could give other security in a reasonable time ; and the other, on the bond of the defendants afterwards given at twelve months. For which of those forbearances the note was given, it is impossible to tell, as there is nothing to distinguish ; and therefore it must, or, at least, maybe taken to have been the former. If so, then, according to many authorities, we think the plaintiff is entitled to recover. For it is settled, that to avoid a security as usurious, it must be shown to have been originally so ; as if a bond be given for the sum lent and afterwards there be an agreement for illegal interest, the first bond continues good and may be recovered on, though the agreement for the excessive interest is void, or the lender may incur the penalty, if he receive the usurious interest. Then, in this case the plaintiff was legally entitled to enforce his judgments'for every cent appearing to be due on them, as they were only for the principal, and lawful interest and costs actually owing to him ; and consequently, a new security, taken only for the sums thus lawfully due on the judgments, could not be infected with usury any more than the judgments themselves, unless at all events, there was an agreement for an usurious premium for forbearance on the new security, and not merely a prior payment or security of such a premium for past forbearance on the prior valid security. As there was no usury in the judgments, there can be none in a bond given for them and nothing more. Therefore, the evidence rejected could not have maintained the issue on the part of the defendants, and its exclusion deprived them of no advantage,- and furnishes no reason for ordering another trial.
 

 For similar reasons the admission of Staton’s declarations, however incompetent, furnished no ground of reversal, because it does not appear, what his declarations
 
 *436
 
 were, and that they could have had any effect on the jury. It is stated, that they were declarations “to shew the consideration of the note for @20,” but the exception does not set forth what was the consideration thus declared. It is impossible to conjecture even, what it was said to have been. It may be, that it was proved, that Staton declared it was given for the forbearance to the defendants. It was incumbent on the defendants to have set out the substance of the alleged declarations them.selves, as, without knowing what they were, the Court cannot undertake to say, that they did or might mislead the jury.
 

 Therefore, no error to the prejudice of the appellants being perceived in the judgment, it must be affirmed.
 

 Per Curiam. Judgment affirmed.