JOANNA M. SMITH *v.* W. P. MITCHELL and another.

A rule having been made in the County Court upon the plaintiff, to justify the security on her prosecution bond on or before Tuesday of August Term 1868 or such suit to be dismissed, that term was not held, as the justices were of opinion that their offices had terminated. At Fall Term 1868 the papers in this case with others, were delivered by the Clerk of the County Court to the new Superior Court Clerk, but the civil docket was not taken up at that term for want of time: At Spring Term 1869, on Wednesday of the second week, being the first day of taking up the civil docket, the defendant moved to dismiss the case because of the rule in the County Court—but upon the plaintiff's offering to give security then, she was allowed so to do: *Held*, to have been a matter within the Judge's discretion, and to have been properly decided.

(Illustration of the maxim *Actus legis nemini facit injuriam.*)

MOTIONS, to dismiss an action for want of a prosecution bond, and to give new security, heard by *Pool, J.*, at BERTIE, Spring Term 1869.

The action had been brought in the County Court at May Term 1868, and there was then a rule taken against the plaintiff, to justify the prosecution bond on or before Tuesday of the next August Term, or the suit to be dismissed.

The latter Term was not held, because the Justices considered that their offices had terminated.

The County Court Clerk delivered the papers in this case (with others) to the Clerk of the Superior Court at Fall Term 1868. At that term the civil docket was not reached, for want of time. At Spring Term 1869, on Wednesday of the second week, being the first day of the civil docket, defendants moved to dismiss, because the above rule had not been complied with, and at the same time the plaintiff offered to give good security.

The Court refused to dismiss, and allowed the security to be given; and thereupon the defendants appealed.

*Yeates,* for the appellants.
*Smith* and *Gilliam, contra.*

PEARSON, C. J. The position that the suit was out of Court by the force and effect of the rule, the condition not having been complied with, may be disposed of in two ways.

1. It is familiar learning, that when the performance of a condition subsequent becomes impossible by the act of God or of the public enemy, or by the act of law, the condition is saved.

In our case the performance of the condition was made impossible by the act of law, for by reason of the construction given to the law by the justices, no Court was held, and whether this construction was well warranted or not, is immaterial, as the plaintiff was in no default.

2. The purpose of requiring a prosecution bond, is to secure the defendant's costs in case the plaintiff fails in the action, and rules of the kind we are considering, are conditional, and at all times under the control of the Court, to be so shaped and modified at its discretion as to answer the purpose of securing the defendant without causing unnecessary injury or inconvenience to the plaintiff.

We consider that the matter was in the discretion of his Honor. We are satisfied that it was exercised in a way to promote the ends of justice.

PER CURIAM. Judgment affirmed.