ANDREW BAGGARLY v. WM. J. CALVERT and others.

Under C. C. P. sec. 64, sub, secs. 3 and 4, an action does not abate by
    the death of the plaintiff, unless so adjudged by the Court. That
    section invests the presiding Judge with plenary powers in the
    premises, which is not the subject of revision by this Court, unless
    there appears an abuse of those powers.

(*Smith* v. *Mitchell*, 63 N. C. Rep. 620, cited and approved.)

CIVIL ACTION, an original Bill in Equity, before the adoption
of the Code, heard by his Honor, *Judge Mitchell*, upon a
motion to dismiss, at Fall Term, 1873, of IREDELL Superior
Court.

The plaintiff filed his bill in the former Court of Equity of
said county in 1866. It was regularly transferred to the Su-
perior Court, in which at the Fall Term, 1872, the death of
the plaintiff was suggested. At the succeeding Spring Term,
1873, the widow of the plaintiff, Sarah, and his heirs-at-law,
came in and asked to be made parties plaintiff.

It also appeared that no person had taken out letters of ad-
ministration on the estate of A. Baggarly.

BAGGARLY *v.* COLVERT *et al.*

At Fall Term, 1873, the defendant moved the Court to order and adjudge that an administrator of said Baggarly was a necessary party, and that the suit had abated.

His Honor being of a contrary opinion, refused the motion. The defendants then moved to dismiss the suit for want of security for costs, and for non-compliance with the rules and orders heretofore made by the Court to give security, or deposit one hundred dollars in the hands of Mr. Boyden and the amount of the proceeds of the tobacco in J. H. Dalton's hands, said to be about $100, and file a certificate of merits of action by consent of counsel, which orders and rules are of record.

The plaintiffs showed that $100 had been deposited with the Clerk, but proved no further compliance with said orders; nor was there any application for leave to prosecute the suit without security. His Honor refused this motion, and the defendants appealed.

*Caldwell, Brown* and *Batchelor & Edwards*, for appellants.
*Armfield* and *McCorkle & Bailey*, contra.

BYNUM, J. The allowance or refusal of the motions made by the defendants, was a matter of discretion for his Honor, and we think he so exercised that discretion, as to promote the ends of justice ; under C. C. P., sec. 64, subsection 3–4, an action does not abate by the death of the plaintiff, unless so adjudged by the Court. The law wisely entrusts that power to him, in order that actions may not be dismissed hastily, by surprise, by taking advantage of ignorance, poverty, or, as in this case, because no one has administered upon the estate of the plaintiff, so as to become a party. The Court will, therefore, in each particular case, so mould and direct the practice and procedure by giving time, requiring notice and other rulings, as will most effectually subserve the ends of justice. The section referred to *supra*, is as follows:" At any time after death, marriage or other disability of the party plaintiff, the Court in which the action is pending, upon notice to such persons as it may direct,

44

and upon application of any person aggrieved may, *in its discretion*, order that the action be deemed abated, unless the same be continued by the proper parties, within a time, *to be fixed by the Court*, not less than six months, nor exceeding one year from the granting of the order." This section of the Code of Civil Procedure vests the Court with plenary powers in the premises, and this Court sees no abuse of power which it can revise. *Smith* v. *Mitchell*, 63 N. C. Rep. 620.

The same may be said of the refusal of his Honor to dismiss, because of the non-compliance with the rule to give security for costs, and to make affidavit of merits. These also are matters of discretion, which this Court will not review.

Judgment affirmed, and cause remanded, that the administrator of A. Baggarly be made a party, and on certificate of merits being filed by counsel, and affidavit in due form, of inability to give other security, the plaintiff will be allowed to prosecute the action.

As the plaintiff has not been diligent in complying with the orders of the Court below, he must pay the costs of this Court.

PER CURIAM.                                    Judgment affirmed.