W. P. MOORE *v.* THE NORTH CAROLINA RAILROAD COM-
PANY.

Where a cause of action survives, the action does not abate by the death
of the plaintiff *ipso facto*, but only upon the application of the party
aggrieved; and then only in the discretion of the court, and in a time
to be fixed, not less than six months, nor more than one year from the
granting of the order.

Where a plaintiff, during the pendency of an action assigned his interest
therein to a third party, and then died: *Held*, (the cause of action
surviving,) that the court below did not err in permitting the record
to be amended, so as to make the assignee a party plaintiff.

The statute prescribes no time in which such amendments shall be made;
and the court may, in its discretion, allow it at any time before the
action has abated.

CIVIL ACTION, tried before *Schenck, J.*, at Spring Term,
1875, of CABARRUS Superior Court.

The action was commenced in the name of W. P. Moore
to recover the value of five bales of cotton, and was prose-
cuted in his name until Fall Term, 1875, when the death of
the plaintiff was suggested upon the record. At July Term,
1873, on motion of the plaintiff's counsel, J. H. Carmer was
made a party plaintiff. Afterward the defendant was upon
motion allowed to file a supplemental answer denying that
Carmer was the lawful administrator of the original plaintiff,
and setting up a counter-claim against the deceased. At Fall
Term, 1873, the case was placed upon the civil issue docket in
the name of J. H. Carmer, assignee of W. P. Moore, but it
did not appear how the change was made, nor did the record
contain any order to that effect.

At July Term, 1875, the defendant moved the court that
the action be abated, because of the death of W. P. Moore,
and for want of an administrator. The counsel originally
representing Moore claimed that Carmer was the assignee of
Moore; but produced no written transfer; and suggested that

the entry making Carmer a party plaintiff as the administrator of Moore was a mistake, and that the entry should have been "J. H. Carmer, Assignee, &c.," and moved the court to amend the record to that effect, *nunc pro tunc.*

In support of the motion to amend, the plaintiff filed the following affidavit :

"John E. Brown, one of the attorneys for the plaintiff, maketh oath that said suit was commenced in the name of W. P. Moore. That afterward the said Moore assigned the cause of action to J. H. Carmer, and died. That the death of said Moore was suggested at Fall Term, 1872, and at Spring Term 1874, J. H. Carmer was by mistake made party plaintiff, as administrator of W. P. Moore, which mistake was, on motion of counsel, corrected at Fall Term, 1873, as appears upon the trial docket ; but said correction was not made by the Clerk upon the minute docket through inadvertence or mistake. That said J. H. Carmer, as affiant is informed and believes, is the real party in interest and entitled to prosecute said suit."

The motion was resisted by the defendant but allowed by the court.

It was admitted that at Fall Term, 1872, when the death of Moore was suggested, he was in fact dead ; and that Carmer was never his administrator.

The docket does not show any motion to correct any alleged error until the one now made ; nor did the defendant's counsel have any knowledge or notice of such motion. From the judgment of the court allowing the motion to amend, the defendant appealed.

*Burringer* and *Shipp & Bailey,* for the appellant.
No counsel *contra,* in this court.

Bynum, J. The death of the plaintiff, Moore, was suggested at Fall Term, 1872, and at Spring Term, 1873, Carmer was made plaintiff, as the administrator of Moore, and the

case so stood upon the docket until the Spring Term, 1875. The defendant, at that Term, moved that the action be abated, because Carmer was not the administrator, and there was no party plaintiff. This motion was met by a counter motion of the counsel of Carmer, to amend the record *nunc pro tunc*, by making Carmer the plaintiff as assignee of Moore ; instead of administrator. In support of this motion an affidavit of the counsel of Carmer, was read, to the effect that Moore, previous to his death, but after the institution of the action, assigned his claim to Carmer, and that the amendment of Spring Term, 1873, inadvertently made Carmer, plaintiff as administrator, instead of as assignee, as was intended.

When the cause of action survives the suit does not abate by the death of the plaintiff, but only on the application of the party aggrieved, and then only in the discretion of the court and in a time to be fixed, not less than six months nor more than one year from the granting of the order. C. C. P., sec. 64 (3). So the action had not abated, but was still pending.

The power of the court to make the amendment requested, is unquestionable, for it is conferred by statute expressly. By sec. 64 (1), C. C. P., it is provided: *First*, In case of death, marriage or other disability of a party, the court, on motion at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest. And *Second*, " in case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action." The amendment was made under the second clause of this section. It prescribes no time within which the amendment shall be made, and it would seem clear that the court, in its discretion, may allow it any time before the action is abated, without reference to the life or death of the original plaintiff. But even if the motion of the

plaintiff had been made under the first clause of the 64th section, (which however, we think applies to parties who had not parted with their interest in their life time,) yet we would be disposed to treat the affidavit of Mr. Brown as a supplemental complaint, in order to support the amendment. So *quicunque via data,* the amendment was proper.

There is no error.

PER CURIAM.                              Judgment affirmed.