\*MAY MURRILL and others v. D. A. HUMPHREY and others.

*Guardian and Ward—Action, subsisting though not transferred.*

1. The ward has a right to subject land sold by his guardian to the payment of the purchase money.
2. An action, not transferred to the new docket under sections 400 and 401 of the Code, is still a subsisting one until disposed of by a judgment.

(*Moore* v. *R. R. Co.,* 74 N. C., 528; *Small* v. *Small, Ib.,* 16; *Long* v. *Holt,* 68 N. C., 53; *Lord* v. *Beard,* 79 N. C., 5, cited and approved).

---

\*Chief-Justice SMITH did not sit on the hearing of this case.

MOTION in the cause heard at Spring Term, 1882, of ONSLOW Superior Court, before *Gilmer, J.*

The defendants appealed.

*Messrs. Strong & Smedes,* for plaintiffs.
*Messrs. Allen & Isler,* for defendants.

RUFFIN, J. The plaintiffs seek by their motion, made in a cause begun in the year 1851 in the late court of equity of Onslow county, to have their shares of the purchase money of the lands, then sold, declared to be a lien thereon, and to have the deed vacated as having been made by the commissioner without the sanction of the court.

With some few additions, the facts, as found by the judge below, are substantially the same with those set forth, as constituting the plaintiffs' claim in *Murrill* v. *Murrill,* 84 N. C., 182, which action grew out of the same transaction, and was brought to enforce the very rights now insisted on by the plaintiffs in this motion.

The additional facts found are: That after his purchase of the lands in 1851, A. J. Murrill became the guardian of Daniel R. and Mary J. Ambrose in 1854, and continued to act as such until their coming of age. Mary J. intermarried with one John F. Murrill in 1859, and died in 1870, leaving her surviving two infant children, the plaintiffs in this motion, May and Hugh A. Murrill, and upon the arrival at full age of Daniel R. in 1859, he conveyed his interest in the land, and the proceeds of sale to the said plaintiffs, Mary and Hugh A., who thereby became entitled to two-thirds thereof; that no order of the court was ever made directing title to be made to the purchaser, who, being a party to the proceeding, had notice thereof; and that he has since sold the land to D. A. Humphrey, who in turn has sold it to the defendant, A. H. Humphrey.

Upon these facts His Honor held that the plaintiffs had a right to look to the land as a security for the payment of their

money, and directed the land to be sold, in case the same was not paid by a given day, from which ruling the defendants appeal.

In the case referred to, in the 84th volume, it was held that the action as a new and independent action could not be maintained, upon the ground that the original proceeding was still pending, and the parties could, and therefore must seek their remedy in that. This, then, is a direct authority adverse to the position now assumed for the defendants, that that proceeding had abated by reason of the failure of the parties to bring it forward and have it docketed in the time prescribed by the statute.

The decision is clearly supported by *Moore* v. *Railroad Company*, 74 N. C., 528; *Long* v. *Holt*, 68 N. C., 53; and *Lord* v. *Beard*, 79 N. C., 5, in all of which it was held that the statute relied on (C. C. P., §§ 400 and 401) was not self-executing, but that the action, though not brought forward on the new docket, continues to pend as a subsisting action, in which the party must seek his remedy until it is actually abated by a judgment of the court, at the instance of some one interested in having it done.

Neither can the defendants avail themselves of the presumption of payment arising from the lapse of time. In the first place no such defence is set up in the answer of the respondent to the motion, nor is the plea of payment insisted on, but only that the bonds given by the purchaser had been exchanged for "other solvent bonds for a like amount." There is no evidence in the cause, and no finding that any such exchange of securities ever took place; but supposing it did, and that it was done with the sanction of the court, it could not take away the lien of the plaintiffs upon the land, as was expressly decided in *Small* v. *Small*, 74 N. C., 16.

In the absence of an express declaration to that effect on the part of the court, a purpose to surrender the lien, which an infant has upon the land sold for the payment of his purchase money, will never be presumed.

Besides this, the judge finds in terms that the makers of the bonds given for the purchase money are both insolvent, and this alone is sufficient to rebut the presumption of payment.  It is true he does not fix the date at which their insolvency occurred, but we are bound to make every intendment in favor of his ruling, and it is for the appellant to show that there is, and not that there may be, error in the judgment appealed from.

No error.                                          Affirmed.