The action was referred to R. O. Burton, Esq., as referee. After several hearings before said referee, and before he made his report Martha A. Harris and T. C. Harris died — the former in 1882 and the latter in 1883 — and it was admitted before said referee, at a hearing on 27 July, 1886, that the said T. C. Harris and Martha had died intestate, and that no administrator had qualified on either of their estates. T. C. Harris became of age 9 June, 1875, and Martha A. Harris 12 June, 1879. The referee continued to take evidence after the death of Thomas and Martha, and on 12 December, 1888, filed his report as to the accounts between the defendant Flythe and Mary L. Coggins, and Addie, who married John E. Pepper pending the action, but did not state the account between the said Flythe and his wards, Thomas and Martha Harris. In consequence of exceptions to said report sustained, the matters between Mary L. Coggins and Addie Pepper and defendants were referred back to said referee, and on 22 March, 1890, he filed his *Page 178 
second report. Exceptions to this report were heard at Spring Term, 1892, and final judgment was rendered as between the defendants (276) and Mary L. Coggins and Addie Pepper and their husbands. From this judgment the defendants appealed, and the said Mary L. Coggins and Addie Pepper and their husbands appealed to the Supreme Court of North Carolina, and in said Court final judgment was rendered at Fall Term, 1893, as between the defendants and said Mary L. Coggins and Addie Pepper, and said judgments are still unsatisfied. Said judgments were certified to the court below prior to 4 December, 1893.
No letters of administration on the estate of either Thomas or Martha Harris were taken out until 1 April, 1893, when J. A. Burgwin qualified as administrator on the estates of both before the clerk of said Superior Court, and on 10 April he filed affidavit to that effect in the cause; and at the August Term, 1893, he made a motion in open court, the counsel for defendants being present, to be allowed to be made parties plaintiff as administrator of Thomas C. Harris and as administrator of Martha Harris, and the motion was continued. Owing to the sickness of Judge Bynum there was no Fall Term of said Superior Court, and at the Special Term, 6 December, 1893, the motion was heard before Whitaker, J. No motion had ever been made upon notice to the parties in interest to abate the action as to said Thomas and Martha Harris. The motion was resisted, upon the ground that it came too late — after the death of Thomas and Martha Harris, and after final judgment between defendants and Mary L. Coggins and Addie Pepper and their husbands. The motion was allowed, as appears by the judgment of record, and defendants appealed.
The action did not abate upon the death of the two plaintiffs, Thomas C. and Martha A. Harris. The cause remained (277) upon the docket and was proceeded with at the instance of the surviving plaintiffs, whose rights have now been determined. There being no personal representative of the deceased plaintiffs, no motion was made within a year after their death to continue the action as to them. It was within the power of the defendants at any time after their death to have applied to the court to have the action abated as to them unless proper parties were brought in, but as this was not done it was entirely within the discretion of the presiding judge to allow their representative to file a supplementary complaint and *Page 179 
prosecute the action upon his motion to that effect, made before the final determination of the cause. The Code, sec. 188; Baggarly v. Calvert,70 N.C. 688; Moore v. R. R., 74 N.C. 528.
Affirmed.