Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 That a Plaintiff who is nonsuited is within the equity of the 6th section of the act of 1715, has been uniformly considered in practice as a settled rule, and must be familiar to tiie profession — (2
 
 Hayw.
 
 63.) And though the precise case of a nonsuit may not be found in foreign books, yet it depends upon the same principle which has admitted other cases than those enumerated in the statute, the words of which contain a clear indication that all foe cases were not intended to be enumerated, by
 
 *349
 
 referring in general to 4Í all such cases.” Hence, where a person brought an action before the statute had run, and died before judgment, the time being then expired, it was held that his executor or administrator might bring* a new action within the year — (2
 
 Salk.
 
 425) — and tills was when the death of either party worked an abatement of the suit. And a still stronger case was wiiere a suit was abated by the marriage of a feme sole Plaintiff, she and her husband were allowed to bring a new action within the year, though the second action could not, in the nature of the thing, be a continuance of the former
 
 writ
 
 — (Wittes 259.) The marriage of the Plaintiffs was a voluntary act, and would seem less entitled to a favorable construction, than a nonsuit occasioned by the neglect of the magistrates to" return the warrant and discharge, which the Plaintiff had no means of hastening or compelling. The replication to the plea ought, upon authority and principle, to be sustained. A r.ew trial is awarded.