P. T. CAPEL and others v. JOHN T. PEEBLES and others.

*Practice—Appeal—Purchase at Judicial Sale.*

1. No appeal lies to this court from the refusal of the court below to order the cancellation of a bond given by the purchaser of land sold under decree of court, and to dismiss the proceedings in the cause on account of alleged defects in the pleadings and parties which would prevent the purchaser from obtaining a perfect title, such refusal being based on the ground that the papers in the cause were not in a condition to make such order, and that all parties in interest were not before the court.

2. In such case the refusal of the court below to dismiss the proceedings and order a cancellation of the bond without giving reasonable time to perfect the pleadings and bring in necessary parties, was not an error of which the purchaser can justly complain under C. C. P., § 297.

(*Maxwell* v. *Caldwell*, 72 N. C., 450; *Childs* v. *Martin*, 68 N. C., 307; *Ex parte Yates*, 6 Jones Eq., 306; *Chambers* v. *Penland*, 78 N. C., 53, cited and approved.)

CIVIL ACTION, heard, on motion of the parties, at Spring Term, 1878, of NORTHAMPTON Superior Court, before *Seymour, J.*

On a sale of land on the 3rd of June, 1861, by a clerk and master of the court of equity of Northampton county on an *ex parte* petition, the defendant, John T. Peebles, becoming the purchaser at $112 gave bond to secure the same with defendant Isaac Peele as his surety, and on motion in the

cause in the superior court at fall term, 1874, judgment was entered on said bond for the purchase money.

At spring term, 1875, the defendants moved to set aside the judgment on the ground of excusable neglect, and it was done ; and at the same term a written answer was filed, showing for cause against the motion for judgment, that the bond was given on a sale of land made by the clerk and master, made as they supposed under a valid authority; but they claim that the sale was made under a decree entered on the records of the court at spring term, 1861, without any petition then, or at any time since, on which the decree of sale was based.; and for further cause, they say that the wife of P. T. Capel has died, leaving several minor children who are interested, and are not made parties. The defendants say that a good title cannot be made to them, and they pray that the record may be amended so as to show that no petition was ever filed, and that their bond be cancelled and surrenderd to them.

In opposition to the cause, shown by defendants, the plaintiffs filed a written reply, wherein they deny that the decree of sale was unaccompanied by a petition for that purpose, and offer to supply the place of the missing petition by filing another *nunc pro tunc*, or do whatever might be material in that behalf; and at the same time they filed a petition, *nunc pro tunc*, praying a sale of the land, intended to be in lieu of the one originally filed.

The motions of the parties, that of the plaintiffs for judgment on the bond, and that of the defendants for the dismission of the proceedings and cancellation and surrender of their bond, were continued from term to term until spring term, 1878, when the same were heard before *Seymour, J.*

At the hearing of the motions His Honor gave no judgment for either of the parties. He refused to dismiss the proceedings and order a cancellation and surrender of the bond to defendants ; and he refused, on plaintiffs' motion,

to enter judgment against defendants for the purchase money, on the ground that the papers in the cause were not in condition to make such an order, with a suggestion that all parties in interest were not before the court in the original cause. The defendants appealed from the judgment refusing the relief demanded by them.

*Mr. W. C. Bowen,* for plaintiffs.
*Mr. R. B. Peebles,* for defendants.

DILLARD, J. (After stating the case.) One question for our consideration is—could any appeal be properly taken from the refusal to give the judgment prayed for? An appeal lies only "from an order or determination of a judge upon or involving a matter of law or legal inference, which affects a substantial right claimed in any action or proceeding, or which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action, or grants or refuses a new trial." C. C. P., § 299. There was here no order or determination at all. The defendants had no right to be discharged from payment of the purchase money, except in case of inability of the petitioners to make a good title, and they had no right to have the court to act on their motion, until the parties in interest were all before the court, and the refusal to give the judgment prayed for in legal effect left the case to stand in the same condition in which it was before the motions were heard, and no more affected any right of the defendants than a mere continuance of the cause against their will would have done. In this case, therefore, we think upon the words of the Code and the decisions of this court in construction thereof, there was no right of appeal to the defendants, and their appeal should be dismissed. *Maxwell* v. *Caldwell,* 72 N. C., 450 ; *Childs* v. *Martin,* 68 N. C., 307.

But let us consider the case as applicable within section

CAPEL v. PEEBLES.

297 of the Code, as it has been argued before us in that aspect, and then the question is, was the refusal of the judge to dismiss the proceedings and order the bond of the purchaser to be surrendered an error in law of which the purchaser, John T. Peebles, had just cause of complaint?

We learn from the written defence of the purchaser, filed in court in 1875, to the motion for judgment on his bond, that he purchased in 1861, at clerk and master's sale, under the authority of a decree on the records of the court; that the sale was reported and confirmed by another decree; that nothing further was done until about 1873, when a decree in the cause was entered in the superior court before *Albertson, J.,* confirming the sale again, and ordering collection, and title on the payment of the money. The purchaser says, in his said written defence, that he took possession and kept it for several years, and when the name of P. T. Capel, husband of one of the parties interested, for the first time appeared in the record, and he learned his wife was dead, leaving minor children not made parties, and heard that no petition ever was filed, he took the advice of counsel, and being advised no title could be made, he abandoned the possession.

The court had possession of the purchaser's bond, and the order of confirmation of sale was in legal effect a contract complete, and put the petitioners and the purchaser reciprocally in the position each to have the right to demand specific performance of the other, and to enforce it by orders in the cause. *Ex Parte Yates,* 6 Jones' Eq., 306. This being so, the motion for judgment and the defence against it, with the written allegations of each side in support of their positions, may be regarded as the rule of the petitioners for specific performance on the one side, and the rule of the purchaser for discharge from his contract and surrender of his bond on the other side; and so viewing the controversy, His Honor, in the light of these respective averments in

connection with the record of the *ex parte* petition to sell the land, did nothing of which either party can complain as erroneous.   The petitioners cannot complain that he denied them judgment as matters then stood, there being parties in interest not connected with the cause, and all they could ask was to have action on the motions delayed with opportunity to perfect the pending action so that a good title would pass to the purchaser.   And the purchaser having purchased and had possession for a number of years ought in conscience to be willing to pay the money and let judg·ment go against him therefor, if assured of a perfect title.  The refusal of the judge to give the judgment discharging him at once without reasonable time to the petitioners to perfect the papers and bring in necessary parties, was in accordance with the ordinary course of proceedings in courts of equity.

It has been decided in this court that a purchaser com·plaining of a defect in the proceedings under which he became purchaser, or of a defect of parties, may through the court call upon those before the court to bring in the omitted parties, and the whole of them, to confirm or repu·diate the sale; and he should do so before asking to have the contract annulled and himself freed from its obligation. *Chambers* v. *Penland,* 78 N. C., 53.   His Honor's action on the respective motions of the parties was in exact conformity to the ruling in the cited case and was legally correct.   The defendants have no right to complain.   Ap·peal dismissed.   Let this be certified, &c.

PER CURIAM.                        Appeal dismissed.