T. J. GILLAM v. LIFE INSURANCE COMPANY OF VIRGINIA.

*Action for Money Paid Through Mistake—Courts—Jurisdiction —Pleading—Referee—Amendment—Practice.*

1. Under the *Code*, the demand for relief in a complaint is immaterial and the Court will give any judgment justified by the pleadings and proof.

2. The Superior Court has not original jurisdiction of an action by a stockholder in an Insurance Company doing business as a building and loan association against the company, to recover an overpayment of interest on a loan when the amount sought to be recovered is less than $200.00.

3. In an action to recover for overpayment of interest, made by mistake, recovery cannot be had for the forfeiture of double the interest as a penalty for usury, since, upon the allegation of such overpayment, by mistake, no legal implication arises that the plaintiff is suing for the forfeiture.

4. An amendment to a complaint, the effect of which is to confer and not merely to *show* jurisdiction, will not be permitted; hence, where the amount sought to be recovered in an action brought in the Superior Court was not within its jurisdiction, the plaintiff cannot be allowed to amend his complaint by changing the cause of action and increasing the amount of the recovery prayed for so as to bring it within such jurisdiction.

5. When to amend a complaint in an action would have the effect of depriving the defendant of the benefit of the plea of the Statute of Limitations, which could be used against an original action, the amendment will not be allowed.

121—47

CIVIL ACTION begun on the 2nd day of March, 1895, and heard, on exceptions to report of referee, at Fall Term, 1897, of BURKE Superior Court before *Greene, J.*

The action was to recover the sum of $132.37, the excess of interest alleged by plaintiff to have been paid to defendant under mistake and in ignorance of his rights. The complaint was, in substance, that the plaintiff in 1891 became a stockholder in defendant company and on August 1st, 1891, borrowed of the defendant $800.00, for which he gave his bond; that on the 13th day of November, 1894, he paid and discharged said bond by remitting to the defendant at its home office in Richmond, Virginia, the amount claimed by defendant as then due on said bond, *to-wit:* the sum of five hundred and fifty-eight dollars and twenty-two cents ($558.22), "which amount, as plaintiff is since informed and believes, is largely in excess of the true amount then due and owing the defendant, the excess being one hundred and thirty-two dollars and thirty-seven cents ($132.37) over the amount borrowed with interest at 6 per cent. per annum;" and that said excess was paid by the mistake and ignorance of the plaintiff as to his rights under the law, and not covinously or knowingly.

The complaint further states:

"That plaintiff is advised and believes, and so avers, that the retention of the said excess by defendant after its demand by plaintiff, which demand plaintiff made upon defendant before instituting this action and immediately upon ascertaining a knowledge of his rights under the law, was against conscience, illegal and usurious.

"Wherefore, plaintiff prays judgment against the defendant corporation.

"1.   For the sum of $132.37 with interest from November 13th till paid, &c., and for such other equitable relief as the Court may see fit to grant."

GILLAM *v.* LIFE INSURANCE COMPANY.

After answer was filed, the cause was referred to S. T. Pearson, Esq., to state an account of the matters in controversy and at the hearing before the referee the plaintiff's counsel moved to amend the complaint by inserting $296.22 in place of $132.37 as the amount of excess of interest paid and to add to the appropriate paragraph the following: "That the said sum $296.22 so charged in excess of the legal rate of interest was knowingly and usuriously charged by defendant and plaintiff asks to recover double the said amount as penalty, *to-wit:* $592.44; and, also, to amend the prayer of the complaint by inserting "$592.44" instead of "$132.37."

The defendant moved to dismiss the action upon the ground that the Superior Court had no jurisdiction, the amount sued for being less than $200 and that the complaint did not state facts sufficient to constitute a cause of action.

The Referee in his report stated :

"The Referee is of opinion that the motion of the defendant is well taken and should be allowed, and that the Superior Court has no jurisdiction, but in as much as the motion was made in the Superior Court before the order of reference was made, and was not passed upon, I have concluded to allow the motion to dismiss, and to refuse the plaintiff's motion to amend on the ground that I have no power to grant either of the amendments which would confer jurisdiction upon the Superior Court, but proceed to hear the testimony and make a full report, so that if I am in error as to the jurisdiction, the Court will have the facts before it to proceed to judgment without another reference."

The Referee then reported his findings of facts one of which was that the excess paid by plaintiff over the amount borrowed with interest at 6 per cent. was $191.49, and another was that on the 14th day of November, 1894, with a full knowledge of the facts as appears from his letter of

November 13th, the plaintiff acknowledged satisfaction of, and released all of his rights under the endowment policy on which the loan had been made, and surrendered the same for cancellation.

On hearing the exceptions his Honor overruled the finding of the Referee that the Superior Court had no jurisdiction of the action, sustained the refusal of the Referee to allow the amendments asked for by plaintiff, and rendered judgment for the plaintiff for $382.98 double the amount of the excess of the debt and 6 per cent. interest paid by plaintiff. From this judgment the defendant appealed.

*Mr. S. J. Ervin*, for plaintiff.
*Messrs. Avery & Avery*, for defendant (appellant).

CLARK, J.: It is true that under *The Code* the demand for relief is immaterial and the Court will give any judgment justified by the pleadings and proof. *Knight* v. *Houghtalling*, 85 N. C., 17; *Stokes* v. *Taylor*, 104 N. C., 394; · *Hood* v. *Sudderth*, 111 N. C., 215; *Sams* v. *Price*, 119 N. C., 572, *Adams* v. *Hayes*, 120 N. C., 383. But upon inspection of the complaint this action is brought to recover an overpayment of $132.27 of interest, alleged to have been made by mistake and ignorance. The Referee correctly held that there was no original jurisdiction of such action in the Superior Court. *Holden* v. *Warren*, 118 N. C., 326. The plaintiff then sought to treat it as an action to recover the penalty for usury of forfeiture of double the interest paid. *Code*, Section 3836, (now amended by Act of 1895, Chapter 69). But upon an allegation of overpayment of interest by mistake, no legal implication arises that the plaintiff is suing for the forfeiture of double the interest, and there is nothing in the complaint from which it can be inferred. The amount of interest paid is not even stated, only the amount of the overpayment which it is claimed was paid by mistake.

In not sustaining the Referee and dismissing the action, there was error.

The Referee properly refused leave to amend (*Code*, §422) so as to charge a cause of action for the penalty of double the interest. This being an entirely different cause of action and for a different amount which was within the jurisdiction of the Superior Court, such amendment would have been "not to show but to confer jurisdiction" and therefore not allowable even under the present liberal system as to amendments. *Clendenin* v. *Turner*, 96 N. C., 416; *King* v. *Dudley*, 113 N. C., 167. Besides, to have allowed it might have had the effect to deprive the defendant of the benefit of the defence of the Statute of Limitations which could have been used against a new action brought for the avowed purpose of recovering the penalty for usury (*Roberts* v. *Insurance Company*, 118 N. C., 429) and for that reason also the amendment could not be allowed. *Gill* v. *Young*, 88 N. C., 58; *Henderson* v. *Graham*, 84 N. C., 496; *Cogdell* v. *Exum*, 69 N. C., 464; *Christmas* v. *Mitchell*, 38 N. C., 535.

The Superior Court had no original jurisdiction of the cause of action stated in the complaint.

Action dismissed.