J. F. WHITAKER v. N. DUNN.

(Decided February 22, 1898.)

*Practice—Premature Appeal—Amendment of Summons.*

1. An appeal from the refusal of a motion in the Superior Court to dismiss an appeal from a judgment of a Justice of the Peace, and allowing an amendment to the summons, is premature, the proper practice being to note an exception and to appeal from the final judgment.

2. In the trial of an appeal from the judgment of a Justice of the Peace in an action for the recovery of personal property, an amendment to the summons to show the value of the property was properly allowed, its effect being to show and not to confer jurisdiction.

CIVIL ACTION to recover possession of personal property, tried on appeal from a judgment of a Justice of the Peace before *Bryan, J.,* at November Term, 1897, of HALIFAX Superior Court. The facts appear in the opinion. In this Court the plaintiff moved to dismiss the appeal on the ground that it was prematurely taken.

*Mr. E. L. Travis* for plaintiff.
*Messrs. McRae & Day* for defendant (appellant).

CLARK, J.: This action was begun before a Justice of the Peace to obtain possession of certain personal property. On appeal in the Superior Court the defendant moved to dismiss because the summons did not state the value of the property, which was refused, and the plaintiff's motion to amend by inserting $32, as the

value was granted. The defendant appealed. The appeal is premature as to the refusal to dismiss. *Lowe* v. *Accident Association*, 115 N. C., 18; *Plemmons* v. *Improvement Co.*, 108 N. C., 614. An order allowing an amendment is ordinarily not appealable (*Goodwin* v. *Fertilizer Works*, 121 N. C., 91) but if it had been appealable the proper course was to note the exception and appeal from the final judgment. For these reasons the appeal must be dismissed, but it is not improper to say that the amendment having the effect to show, and not to confer, jurisdiction was properly allowed. *McPhail* v. *Johnson*, 115 N. C., 298, and cases there cited; *Gillam* v. *Ins. Co.*, 121 N. C., 369.

Appeal dismissed.