CLINARD v. WHITE & CO.'

(Filed November 19, 1901.)

1. SERVICE OF PROCESS — *Foreign Corporations* — *"Managing Agent"*—*The Code, Sec. 217, Subsec. 1.*

   The agent of a foreign corporation who superintends all its work in this state and has general charge of its employees is its "managing agent" within the meaning of Sec. 217, Subsec. 1, of The Code, and service of summons on such agent is valid, where the cause of action arose and the plaintiff resides in this state.

2. APPEAL—*Dismissal—Action.*

   No appeal lies from a refusal to dismiss an action.

ACTION by A. S. Clinard, administrator of W. A. Clinard, against J. G. White & Co., heard by Judge *H. R. Starbuck,* at May Term, 1901, of the Superior Court of FORSYTH County. From a refusal to dismiss the action, the defendant appealed.

*Jones & Patterson,* for the plaintiff.
*Watson, Buxton & Watson,* for the defendant.

COOK, J. The plaintiff in this action is a resident of Forsyth County, in this State, and the cause of action arose in said county. The defendant is a foreign corporation. At the time of the service of the summons, defendant company

was engaged in overhauling, extending and putting in good condition the electric lights and street-car plant of Winston-Salem, in said county.

The summons was served upon one W. S. Turner, and defendant company entered a special appearance and moved to dismiss the action upon the ground that he, Turner, was not such an agent as is contemplated by the statute regulating the service of summons upon non-resident corporations, as would bring it into Court. His Honor overruled the motion, and defendant company appealed.

The affidavits show that Turner was not the president, secretary, cashier, treasurer, or a director of the company; they are somewhat conflicting as to his authority to receive or collect moneys for the company, but it fully appears, without contradiction, that he had an oversight of all the work and had general charge of the employees of the company, and acted as its superintendent of construction. Whether this constituted him its "managing" agent within the meaning of section 217, subsection 1, of The Code, is the question presented for our determination. It appearing that the plaintiff resides in the State, and also that the cause of action arose herein, service upon a foreign corporation is to be made in the same manner as upon resident corporations, to-wit, by delivering a copy of the summons to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent; and a local agent is defined by the said section to mean a person receiving or collecting moneys within the State for or on behalf of the corporation. No statutory definition being given to "managing" agent, we must give it that meaning generally recognized by lexicographers. To "manage" (the verb from which the adjective "managing" is derived) is defined by Mr. Webster to mean "to direct; to govern; control; wield; oreder," etc.; hence, "to direct affairs, to carry on business

or affairs." Applying this meaning of the word to the duties, functions and relations which Turner performed and bore to the business carried on by defendant company, the conclusion is irresistible that he was its managing agent, and therefore service of the summons made upon him brought the defendant company into and within the jurisdiction of the Court. This being clearly so, it is unnecessary to discuss further whether or not he was a local agent also; for he may have acted in either one or both of those capacities.

No appeal lies from a refusal to dismiss—the cases are uniform, and are collected in Clark's Code, page 738. We have, however, discussed the merits, as has been sometimes done in such cases. *State v. Wylde,* 110 N. C., 500.

Appeal Dismissed.