MRS. M. J. PRITCHARD, in her own right and as Administratrix, et als. v. THE PANACEA SPRING COMPANY et als.

(Filed 3 November, 1909.)

**Appeal and Error—Order of Reference—Appeal Premature—Final Judgment.**

An appeal is premature from the judgment of the lower court modifying the report of a referee, declaring the indebtedness and priorities among defendant's creditors, and ordering a reference as to one of them, and it will be dismissed without prejudice; for when a reference has been entered upon, it must proceed to its proper conclusion, and an appeal will only lie from a final judgment, or one in its nature final.

CLARK, C. J., did not sit on the hearing of this case.

APPEAL from *O. H. Guion, J.,* June Term, 1909, of WARREN.

Civil action, heard on exception to referee's report. From a judgment modifying the report, some of the unsecured creditors, having excepted, appealed.

The facts are stated in the opinion of the Court.

*Gay & Midyette* and *Walter Clark, Jr.,* for appellant creditors.
*S. G. Daniel, T. M. Pittman, Tasker Polk* and *Green & Boyd* for appellees.

HOKE, J. This was an action to wind up an insolvent corporation, or one threatened with insolvency, and make distribution of the assets. A receiver was duly appointed to preserve the property pending litigation, and the cause was referred to ascertain and declare the indebtedness and determine the amount and priority of certain liens, etc. The referee having made report, exceptions were filed, and on the hearing the court overruled some of the exceptions, sustained others, in whole or in part, and entered judgment modifying the report accordingly and making distribution of a large part of the assets, according to the rights of the parties as established by the judgment. The judgment then concludes as follows: "Upon motion of Gay & Midyette, attorneys for excepting creditors, it is ordered that, as to the claim of Royall & Borden, the cause is recommitted to T. T. Hicks, Esq., referee, to hear such further evidence as the parties may offer thereon, and to make his further findings of facts and conclusions of law thereon in respect of said claims to the next term of this court."

In this condition of the record, and on the facts indicated, the Court is of opinion that the appeal has been prematurely taken and that the same must be dismissed without prejudice. It has

been the uniform ruling of this Court that when a reference has been entered upon, it must proceed to its proper conclusion, and that an appeal will only lie from a final judgment or one in its nature final. *Brown v. Nimocks,* 126 N. C., p. 808; *Driller Co. v. Worth,* 117 N. C., p. 515, and *Haley v. Gray,* 93 N. C., p. 195.

If a departure from this procedure is allowed in one case, it could be insisted upon in another, and each claimant, conceiving himself aggrieved, could bring the cause here for consideration, and litigation of this character would be indefinitely prolonged, costs unduly enhanced and the seemly and proper disposition of causes prevented. Under the authorities cited, the appeal must be dismissed, and it is so ordered.

Appeal dismissed.

CLARK, C. J., did not sit.