H. L. BECK & CO. v. BANK OF THOMASVILLE ET AL.

(Filed 15 November, 1911.)

Appeal and Error—Account—Reference—Slander—Damages—Appeal Premature—Practice.

In an action against a bank, alleging certain errors in the accounts of the bank with the plaintiff and asking correction thereof, and seeking damages for slander, injury to credit, and the wrongful protesting of plaintiff's checks, an order of reference was made as to the matters of account, expressly reserving for trial the issues in the pleadings as to slander, etc.: *Held*, an appeal from the judgment upon exceptions to the referee's report, before the trial upon the issues reserved, is premature, and will be dismissed without prejudice.

APPEAL by plaintiff from *Lyon, J.,* at February Term, 1911, of DAVIDSON.

*E. E. Raper, Walser & Walser, and Thomas J. Shaw for plaintiff.*

*Watson, Buxton & Watson for defendant.*

ALLEN, J. The plaintiff instituted two actions in the Superior Court of Davidson County, one being against the Bank of Thomasville and the other against J. L. Armfield, its cashier. These actions were consolidated by order of court.

The plaintiffs allege certain errors in their account with the bank, which they ask to have corrected, and also that they are

entitled to recover damages for slander, injury to their credit, and the wrongful protesting of checks they issued.

No objection was made as to misjoinder, and at August Term, 1909, an order of reference was made as to "all matters of account involved · in the actions," but expressly reserving for trial by jury "the issues raised in the pleadings as to slander, refusing payment of checks, and protesting checks for nonpayment and other torts."

The referee filed his report, and upon exceptions being filed, the judge heard the same, and entered his judgment, from which an appeal is taken to this Court. The issues reserved in the order of reference have not been tried.

In this condition of the record, the appeal is premature and must be dismissed.

As was said by *Justice Hoke* in *Pritchard v. Spring Company,* 151 N. C., 249: "If a departure from this procedure is allowed in one case, it could be insisted upon in another, and each claimant, conceiving himself aggrieved, could bring the cause here for consideration, and litigation of this character would be indefinitely prolonged, costs unduly enhanced, and the seemly and proper disposal of causes prevented."

The appeal is dismissed without prejudice to the right of the parties to reserve their exceptions, which will be considered upon an appeal from the final judgment.

Appeal dismissed.