- ATLAS BRADSHAW ET ALS. V. CITIZENS NATIONAL BANK ET ALS.

(Filed 6 December, 1916.)

**1. Appeal and Error—Motion to Dismiss Action—Final Judgment.**

An appeal from the refusal of a motion to dismiss an action is premature and will not lie, the proper procedure being for the movant to except, and reserve the exception in appealing from an adverse judgment rendered, after a trial or hearing upon the merits of the case, with proper assignment of error.

**2. Nonsuit—Statutes—Costs—New Action.**

Revisal, sec. 370, providing, among other things, that a new action upon the same subject-matter between the same parties may be commenced within one year after nonsuit, as amended by chapter 211, Laws 1915, with proviso that the costs in such action shall have been paid before the commencement of the new suit, etc., does not forbid the commencement of a second action without paying the costs of the first, but annexes this as a condition to bringing the new action free from the bar of the statute, if pleaded; and a motion to dismiss it before answer filed, upon the ground that the costs of the former one had not been paid, will be denied.

CLARK, C. J., concurs in the result.

CIVIL ACTION heard, on motion to dismiss, by *Shaw, J.,* at April Term, 1916, of MITCHELL.

The following facts were found by the judge:

"Prior to 1 January, 1915, a suit between the same parties, plaintiffs and defendants, as those in this case was instituted in the Superior Court of Yancey County, and was not brought in *forma pauperis,* but the plaintiffs gave bond in that suit for the costs. The action in the Superior Court of Yancey County and this action were both brought for the identical relief by plaintiffs against defendants; that prior to 1 March, 1915, the plaintiffs in the suit in Yancey County took a voluntary nonsuit; that on 12 October, 1915, the plaintiffs in the suit in Yancey County brought this action in the Superior Court of Mitchell County, against the parties who were defendants in that suit; that the costs of the suit in Yancey County were not paid before the commencement of this action, nor as late as 11 April, 1916."

The court refused to dismiss the action, and defendants appealed.

*S. J. Ervin and Pless & Winborne for plaintiffs.*
*Hudgins & Watson, J. Bis Ray and A. Hall Johnston for defendants.*

WALKER, J., after stating the case: The appeal was prematurely taken, or, to be more accurate, an appeal does not lie from the refusal

of a motion to dismiss an action. The defendants should have noted their exception to the adverse ruling and proceeded with the trial, and at the final hearing the exception could be reserved to them and reviewed in this Court by an appeal from the final judgment upon a proper assignment of error. This has been the uniform practice in such cases. We said in *School Trustees v. Hinton,* 156 N. C., 586: "This appeal is premature and, upon motion, is dismissed. The exception should have been noted and, when a final judgment is rendered, an appeal may be taken," citing *Hendrick v. R. R.,* 98 N. C., 431; *R. R. v. Warren,* 92 N. C., 620; *Tel. Co. v. R. R.,* 83 N. C., 420. And in *Chadwick v. R. R.,* 161 N. C., 210: "We are of the opinion that the motion to dismiss this appeal (from the clerk) because it is premature should be allowed. It was the duty of the defendant to have noted every exception and let the cause proceed to the hearing under the statute, and then, if dissatisfied with the final result, upon exceptions properly taken, the cause could be heard in the Superior Court, and then by appeal to this Court." See, also, *Crawley v. Woodfin,* 78 N. C., 4; *Cooper v. Wyman,* 122 N. C., 784; *Clinard v. White,* 129 N. C., 250; *Jester v. Steam Packet Co.,* 131 N. C., 54; *Johnson v. Reformers,* 135 N. C., 385; *Beck v. Bank,* 157 N. C., 105. Many cases upon the proposition that an appeal will not lie from the refusal of a motion to dismiss are collected in Clark's Code (3 Ed.), p. 738. The general question was fully considered in *Chambers v. R. R., ante,* 554, with citation of authorities. If every ruling not decisive of the case could be brought to this Court for review by an immediate appeal, without waiting for the final judgment, litigation would be greatly prolonged and become almost interminable, costs would be enormously increased, and much valuable time would be wasted. The rule is not one that can safely be departed from, as to do so would encourage unnecessary appeals and in many cases result in a delay, and, perhaps, a denial of justice. Similar views to these were expressed in *Pritchard v. Spring Co.,* 151 N. C., 249, and approved in *Beck v. Bank, supra.* But we will consider the merits of the appeal, as has been done in other cases of a like kind. *S. v. Wylde,* 110 N. C., 500; *Clinard v. White Co.,* 129 N. C., 250; *Meekins v. R. R.,* 131 N. C., 2.

The defendants' motion to dismiss was based on the ground that Revisal, sec. 370, was amended by Public Laws 1915, ch. 211, by adding a proviso thereto, and in its amended form reads as follows: "If an action shall be commenced within the time prescribed therefor, and the plaintiff be nonsuited, or a judgment therein be reversed on appeal, or be arrested, the plaintiff or, if he die and the cause of action survive, his heir or representative, may commence a new action within one year after such nonsuit, reversal, or arrest of judgment: *Provided,*

that the costs in such action shall have been paid by the plaintiff before the commencement of the new suit, unless said first suit shall have been brought in *forma pauperis."* Gregory's Revisal Biennial '(1915), p. 354 (sec. 370).

The contention necessarily is that, by this section, the bringing of a second action at all, after nonsuit in the first, is forbidden except upon condition that the plaintiff, at the time of commencing the second, has paid all the costs of the first action. But this is, we think, too narrow a construction. A nonsuit did not prevent the bringing of a new action, 14 Cyc., 393, as it decided nothing on the merits, and therefore did not operate as *res judicata* or as an estoppel. "A nonsuit is in many instances of importance, because it gives the party the right to commence the same suit again, and alter its status by additional testimony, whereas if he answers and hears the verdict he must stand on the case as then presented and rely upon his exceptions and upon obtaining a reversal of the judgment on appeal." 14 Cyc., 393, note 8, citing *Hall v. Schuchardt,* 34 Md., 15. Our doctrine is the same, a fresh action after nonsuit, for the same cause, being permitted, even when the first suit is dismissed for want of jurisdiction. *Anonymous,* 3 N. C., 231 (2 Hayw., 63); *Pearse v. House, ibid.,* 588 (386); *Skillington v. Allison,* 9 N. C., 347; *Straus v. Beardsley,* 79 N. C., 59; *Dalton v. Webster,* 82 N. C., 279; *Harris v. Davenport,* 132 N. C., 697. "At common law suits frequently abated for matter of form. In such cases plaintiff was allowed a reasonable time within which to sue out a new writ. This time was theoretically computed with reference to the number of days which the parties must spend in journeying to the court. Hence the name, 'journey's account.' Such renewed suit was but a continuance of that which had abated, and of necessity was in the same court, against the same parties, and for the same cause of action. This ancient remedy is not now recognized in this country, but in lieu thereof nearly every State has provided by statute for the renewal of actions which have failed for some matter not involving the merits. Such a statute does not contemplate a revival or a continuance of a former suit as at common law under 'journey's account,' but that a new and distinct suit may be brought. The statutes on this subject vary greatly in their scope. Some limit the right to bring a second action to cases in which there has been an involuntary nonsuit; others to dismissals by the court for some matter of form not involving the merits; others to dismissals as the result of a reversal; others to cases where the judgment in favor of plaintiff has been arrested or set aside; still others include various combinations of the above provisions." 25 Cyc., 1313, and also pp. 1314, 1319, where the subject is fully discussed. But the section in which the proviso was inserted by the amendment

of Public Laws 1915, ch. 211, is a part of chapter 12 of the Revisal relating to limitations of actions, and must be construed, according to the usual rule, by the context of section 370, as thus amended; and when so considered, it clearly appears what the Legislature meant. It was not the intention to forbid the commencement of a second action merely without paying the costs of the first (*Freshwater v. Baker,* 52 N. C., 255), but to annex a condition to the right of bringing the new action free from the bar of the statute, and, for that purpose, to prevent counting the time which had elapsed during the pendency of the first action, the condition being that the costs of the prior action should be paid. Where, therefore, the statute is pleaded, the reply of the nonsuit would not avail the plaintiff unless he had paid the costs of the former suit. There has been no plea of the statute as yet, but only a motion to dismiss, and on this phase of the case the amendment of 1915 has no bearing, as it only applies to the bar of the statute.

Appeal dismissed.

CLARK, C. J., concurring in result: Revisal, 370, which allows a new action within twelve months after a nonsuit without restriction, was sometimes abused by action after action being instituted after a cause was nonsuited for which the only remedy was a bill of peace. As some restriction the Legislature enacted a proviso to that section, Laws 1915, ch. 211, as follows: *"Provided,* that the costs in such action shall have been paid by the plaintiff before the commencement of a new suit, unless said first suit shall have been brought in *forma pauperis."* It would seem that this statute meant what it plainly said, and that it is a restriction upon the hitherto unlimited liberty of bringing new actions after a nonsuit, if brought in one year. Unless it has this effect there was no purpose in its passage.

This is a condition precedent, on noncompliance with which the defendant was entitled to have the action dismissed, as on failure to give prosecution bond, Revisal, 450; or appeal bond, Revisal, 593; or on failure of defendant to file defense bond, Revisal, 453, unless the court should extend the time.