WILLIAMS *v.* BAILEY.

---

MAMIE V. WILLIAMS, EXECUTRIX OF MRS. S. J. DULIN, *v.*
C. G. BAILEY ET AL.

(Filed 3 January, 1919.)

**1. Wills—Production of Wills—Statutes.**

A petition before the clerk of the Superior Court alleging that the respondents were in possession of a later will than that probated in another county, and that the petitioner was withholding this will for fraudulent purposes, etc., is a proceeding under Revisal, sec. 3124, to compel the production of a will.

**2. Same—Denial—Evidence—Clerks of Courts—Issues—Rule Discharged—Costs.**

Where the respondents in proceedings to compel the production of a will (Revisal, sec. 3124) appear before the clerk at the time set for the hearing, and in writing under oath fully deny the charges made, and the petitioners neither file reply, offer evidence, nor request an examination, no issues are raised requiring the matter to be transferred to the trial

docket, and the rule against the respondents should be discharged at the petitioner's cost.

**3. Same—Motions.**

> Where a rule issued under the provisions of Revisal, sec. 3124, in proceedings to compel the production of a will, should be discharged, a motion by the respondents to dismiss the proceedings will be treated as a motion to discharge them.

**4. Appeal and Error—Wills—Production of Wills—Statutes—Fragmentary Appeals.**

> Where the clerk of the Superior Court erroneously refuses the respondent's motion to dismiss the proceedings to compel the production of a will (Revisal, sec. 3134), and the Superior Court judge sustains the action of the clerk, an appeal therefrom to the Supreme Court is not fragmentary, and the court will order the rule to be discharged.

CLARK, C. J., dissenting with opinion; HOKE, J., dissenting.

PROCEEDING commenced before the Clerk of the Superior Court of Buncombe County. A petition was filed by petitioner, to which the respondents answered, and petitioners filed a replication to the answer.

The clerk held that issues of fact were raised by the pleadings which should be passed on by a jury, and transferred the proceeding to civil issue docket for trial at term. The respondents excepted to said order and appealed to the judge. The appeal came on to be heard in BUN-COMBE County before his Honor, *Judge Stacy.*

Upon the hearing of the appeal the judge affirmed the order of the clerk. From the order affirming the clerk the respondents appealed to this Court.

*George W. Garland, Curtis & Vernon for petitioners.*
*E. L. Gaither and Bourne, Parker & Morrison for respondents.*

BROWN, J. Petitioner, as executor of Mrs. S. J. Dulin, filed a petition before the clerk, to which C. G. Bailey and others are made respondents, alleging that W. A. Bailey died in 1914, domiciled in Buncombe County, leaving a last will devising his estate, consisting of real and personal property, to Mrs. S. J. Dulin and others; that respondents concealed said will and have conspired to prevent the distribution of the estate as in said will provided. Petitioners pray that a citation issue requiring respondents to appear before the clerk and produce the said will, to the end that the same may be thereafter offered for probate.

The respondents appeared and answered in writing and under oath. They denied that W. A. Bailey was domiciled in Buncombe County at his death and denied specifically that they had any will of his in their possession. They averred that said Bailey left only one will that they ever knew or heard of, and that had been duly probated in common form

and again in solemn form on Davie County, North Carolina, where said Bailey was domiciled at his death, and letters testamentary issued thereon. They further aver that the original will is not in the possession or under the control of either of respondents, but is in the official custody of the Clerk of the Superior Court of Davie County.

Upon the coming in of this answer and on the return day of the citation, 4 December, 1917, no motion was made to examine respondents and no evidence was introduced by petitioner for purpose of showing that respondents concealed any will or had it in their possession.

We are of opinion that this is a proceeding under Revisal, 3124, to compel the production of a will which has never been offered for probate, and that no issues arise upon the petition and answer to be submitted to a jury.

On the return day of the citation to show cause, the respondents answered, under oath, fully, and denied the possession or control of any will of W. A. Bailey. Their answer is as full and explicit as it is possible to make it. The petitioner offered no evidence and did not ask to examine respondents. It was, therefore, the duty of the clerk to discharge the rule against respondents at cost of petitioner. On the appeal the judge should have reversed the clerk and ordered that respondents be discharged. It is true the motion was to dismiss the proceeding when technically it should have been to discharge the respondents, but we treat it as the latter. The record shows that while the clerk decided to transfer the cause to the civil issue docket as upon issues of fact raised, the respondents appealed to the judge from such order, and it was from the judgment of the judge upon that appeal the respondents appealed to this Court.

It is conceded that an appeal from a refusal to grant a motion to dismiss an action does not generally lie. It is the duty of the party to note his exception and proceed to trial before the judge and jury. But this is neither a civil action or special proceeding. It is a proceeding under the statute to discover a secreted will in order that it may be probated, and no issues of fact were raised triable by a jury. When these respondents answered under oath, denying possession or knowledge of any such will except the one in the clerk's office in Davie, they were entitled to their discharge, as petitioners offered no evidence whatever to contradict them, and did not even ask to examine them. It is so ordered.

Reversed.

CLARK, C. J., dissenting: As stated in the case settled on appeal, agreed to by both parties, this was a special proceeding begun before the clerk in Buncombe and transferred by him to the civil issue docket for trial. The appeal being heard before *Stacy, J.,* the defendants moved to

dismiss. His Honor refused to dismiss and directed that the cause be retained on the civil issue docket for trial. The defendants appealed.

If there is one proposition of law which has always been held by us, without a single exception, it is that "no appeal lies from a refusal to dismiss." In such case there is no judgment, but simply the refusal of a judgment, and the defendant should note his exception and appeal from the verdict and judgment upon the merits. This has been held in *Smith v. Mitchell,* 63 N. C., 620; *Garrett v. Trotter,* 65 N. C., 435; *Mastin v. Marlowe,* 65 N. C., 696; *Mitchell v. Kilburn,* 74 N. C., 483; *Perry v. Whitaker,* 77 N. C., 102; *Foster v. Penry, ib.,* 160; *Crawley v. Woodfin,* 78 N. C., 4; *McBryde v. Patterson,* 78 N. C., 412; *Capell v. Peebles,* 80 N. C., 90; *Long v. Bank,* 81 N. C., 41; *Gay v. Brookshire,* 82 N. C., 409; *R. R. v. Richardson, ib.,* 343; *Wilson v. Lineberger, ib.,* 412; *Spaugh v. Boner,* 85 N. C., 208; *Allen v. Royster,* 107 N. C., 278; *Plemmons v. Improvement Co.,* 108 N. C., 614; *Guilford v. Georgia,* 109 N. C., 310; *Lambe v. Love, ib.,* 305; *Sheldon v. Kivett,* 110 N. C., 408; *Cameron v. Bennett, ib.,* 277; *Mullen v. Canal Co.,* 112 N. C., 109; *Luttrell v. Martin,* 111 N. C., 528; *Lowe v. Accident Assn.,* 115 N. C., 18; *Farris v. R. R., ib.,* 600; *Sprague v. Bond,* 111 N. C., 425; *Joyner v. Roberts,* 112 N. C., 111; *Burrell v. Hughes,* 116 N. C., 430; *Whitaker v. Dunn,* 122 N. C., 103; *Fertilizer Co. v. Marshburn, ib.,* 411; *Cooper v. Wyman, ib.,* 784; *Jones v. R. R.,* 127 N. C., 188; *Clinard v. White,* 129 N. C., 250; *Jester v. Steam Packet Co.,* 131 N. C., 54; *Meekins v. R. R., ib.,* 1; *Johnson v. Reformers,* 135 N. C., 387; *Kerr v. Hicks,* 154 N. C., 269; *Trustees v. Hinton,* 156 N. C., 586; *Beck v. Bank,* 157 N. C., 105; *Chadwick v. R. R.,* 161 N. C., 209; *Bradshaw v. Bank,* 172 N. C., 633, and cases there cited.

Besides the above cases, there are numerous others which we have not cited, but all are to the same purport, that an appeal does not lie from a refusal to dismiss. There are also many cases in which this uniform ruling has been adopted by dismissing the appeal without repeating the reasons. These reasons are:

1. That it does not come within the instances in which an appeal is permitted by Revisal, 587. See cases cited thereunder in 2 Pell's Revisal, on page 313.

2. Another reason is that no appeal lies, because if it did a defendant could always procure from six to twelve months delay in any case by moving to dismiss and appealing from such refusal. It is, therefore, an important matter to observe the statute and our uniform decisions.

Revisal, 346, provides that all remedies under our present system are either actions or special proceedings. In this instance the case agreed on appeal states that this was a special proceeding, and when the case was transferred to the judge he was seized of full jurisdiction (Revisal,

614) and could have remanded the cause to the clerk, or if there were issues raised, as he decided, submit them to a jury. Having so decided, the judge could not dismiss the action.

In *Goode v. Rogers,* 126 N. C., 62, which is a case exactly in point, it being an appeal from the clerk in special proceeding, the court below held that there were issues of fact for the jury and directed the cause to be placed on the civil issue docket for trial. The petitioners in this Court contended that only *questions* of fact were raised, and should have been decided by the court, and appealed from the order directing a jury trial. This Court held that it could not consider the matter for the reason that the issues formulated by the judge have not been tried below, and dismissed the appeal as premature.

It is very clear that this appeal was premature and should be dismissed. The defendants should have excepted to the order, and on the trial of the issues, if the verdict shall be against them, then the appeal would bring up the exceptions to the submission of the issues.

In *Beck v. Bank,* 157 N. C., 105, *Allen, J.,* approved the following from *Hoke, J.,* in *Pritchard v. Spring Co.,* 151 N. C., 249: "If a departure from this proceeding is allowed in one case it could be insisted upon in another, and each claimant conceiving himself aggrieved could bring the case here for consideration, and litigation of this character would be indefinitely prolonged, costs unduly enhanced, and the seemly and proper disposal of causes prevented." The appeal in that case was dismissed with the right to the party to enter the exception, which could be considered upon appeal from the final judgment, which accordingly was done when the case came up. *Beck v. Bank,* 161 N. C., 205.

This appeal should be dismissed under our uniform decisions not only because not allowed by the statute, but because as a matter of fact the complaint and answer bristle with issues of fact raised by the pleadings. The first paragraph of the petition alleges that W. A. Bailey died domiciled exclusively in Buncombe County. This is denied by the answer, which alleges that he died domiciled in Davie County.

Paragraph 2 recites the next of kin and heirs at law, which is denied by the answer.

Paragraph 3 of the complaint, or petition, asserts that the defendant left a will, duly executed, which immediately after his death came into the possession of the defendants, and by said will the deceased disposed of $250,000 of property, and the complaint specifies certain legacies in said will amounting to $80,000, and avers that the defendants have secreted, suppressed and concealed said last will to hinder and prevent the distribution of the estate as provided therein. The answer explicitly denies this and sets up that the deceased left a will of a different tenor which has been duly probated in Davie County, which it is alleged was

his domicile, and the defendants deny that they have had knowledge of any other will.

Paragraph 4 alleges that the deceased bequeathed his sister, Mrs. Mary Caton, $50,000, with sundry allegations of fraud and duress to prevent her taking action to set up said will. This is denied at length in the answer.

Paragraph 5 alleges that W. A. Bailey, at the time of his death and for years prior thereto, had been domiciled exclusively in Buncombe County, which had exclusive jurisdiction of administration upon his estate. The answer makes a full denial of this, reciting numerous statements of fact, and avers that he was domiciled in Davie County.

Paragraph 6 avers that the defendants are unlawfully collecting and converting to their own use funds of the estate which, under the later will, have been devised to the plaintiffs. This also is denied by the answer.

Paragraph 7 avers that one of the petitioners, Mrs. Williams, has qualified as the executor of one of the devisees under the will. This the answer denies and further avers that the plaintiffs are not heirs or devisees or legatees of the estate of W. A. Bailey, and that his true will has been probated in Davie County, which was his domicile.

The issues of fact and of law raised by the pleadings have not been passed upon by the judge, and it would be a grave injustice to the plaintiffs for this Court to sustain the motion to dismiss, which would be a finding here that the allegations of fact and of law in the complaint are untrue. There can be no question that the court below had jurisdiction if the facts are as alleged in the petition. Whether they were true or not was a matter for the jury, as his Honor held.

Aside from the other issues of fact, it seems that the defendants have probated a will of W. A. Bailey in Davie County, alleging that his domicile was there, and that the paper-writing probated by them was his last will and testament. The plaintiffs allege that the exclusive domicile of the deceased was in Buncombe County, and that he left a later will, duly executed, devising his property, estimated at a quarter of a million dollars, differently in many respects from the will probated in Davie, and the complaint further avers that the latter will was wrongfully probated in Davie, and that the defendants had possession of the later will, which they have concealed or suppressed, and the plaintiffs seek in this proceeding to set up the lost will and probate the same, if the original cannot be produced, alleging that the defendants have possession of the same and are fraudulently converting the assets of the estate from the true object of the bounty of the deceased as specified in such later will.

This is a serious proceeding, containing most serious charges, and calling for the decision of the issues of fact by a jury and of the inci-

dental matters of law by the judge. The plaintiffs should not be cut off from a hearing of the matters set out in their petition by a motion to dismiss; nor does the appeal lie upon the refusal of such motion, but upon exception entered an appeal will lie from the final judgment. The issues of fact should be found, and if in favor of the defendants they will not need to appeal.

There have been some cases of appeal from a refusal to dismiss which were simple in their nature, and the court has in such instances, while dismissing the appeal as improvidently taken, expressed its opinion upon the proposition of law involved (*S. v. Wylde,* 110 N. C., 503). But that . is a matter of discretion, and besides it is impracticable in a case like this, involving most serious issues of fact as to the domicile of the deceased, the allegation of the false probate of an earlier will in the wrong county and the suppression of a later will by the parties to such alleged fraudulent probate, and the fraudulent conversion to their own use of the legacies and property devised and bequeathed to the plaintiffs under the later will. These are allegations to be decided by the judge and jury.

The case should be remanded, to be proceeded with according to the statute and uniform decisions of this Court, and reserving the exception to the refusal to dismiss, if the defendants so desire, with an appeal from the final decision of the case below upon the merits.

On the motion to dismiss, the allegations of the complaint must be taken as true; and these are that the deceased was domiciled exclusively in Buncombe and left the latest will, which the plaintiffs are entitled to have probated, and that it has been suppressed and is in possession of the defendants, who have probated an earlier will in the wrong county and have taken possession and are converting to their own use the assets of the estate. On these facts the court has jurisdiction, and the issues of fact raised should be determined.

Under our statute, Revisal, 346, there *can* be no other procedure than an action or a special proceeding. There can be a motion in the cause in either of these, but this is certainly not such motion. It began by summons as an independent action. Revisal, 3124. When the judge formulated the issues to be submitted to the jury, of course the plaintiffs did not and could not offer evidence to his Honor, but as their allegations must be taken as true upon a motion to dismiss, they are ready to offer such evidence before the jury, and should not be cut off from doing this by this premature appeal. The plaintiffs are not restricted to an order to compel the production of the alleged will, but in this proceeding are entitled to try all the issues raised. Even if the prayer for relief had been restricted to requesting an order for the production of the will, nothing is better settled than that the plaintiff is not restricted to the prayer for relief, but is entitled to any remedy which his

allegations and proof entitle him to receive, and that an informality or defect in the demand for judgment is immaterial and cannot be ground for a demurrer or other objection; and indeed that the failure to pray for any relief is not material. "The facts stated and proven, and not the prayer for relief, show what remedy ought to be granted." *Johnson v. Loftin,* 111 N. C., 319; *Adams v. Hayes,* 120 N. C., 383; *Davis v. Ely,* 100 N. C., 283; *Simmons v. Allison,* 118 N. C., 763; *Sams v. Price,* 119 N. C., 572; *Parker v. R. R., ib.,* 677; *Gilliam v. Ins. Co.,* 121 N. C., 369, and many other cases cited; Clark's Code (3d Ed.), sec. 233 (3), and numerous cases since, all to the same purport.