CORPORATION COMMISSION v. FARMERS BANK AND TRUST COMPANY.

(Filed 15 March, 1922.)

1. **Appeal and Error—Judgments—Fragmentary Appeals—Dismissal— Banks and Banking — Corporations— Receivers—Collateral—Collection—Trusts.**

A bank borrowed money from one of its correspondent foreign banks, and hypothecated certain local papers as security, which the correspondent bank sent back to the borrowing bank in trust to collect and apply the proceeds to the indebtedness. The borrowing bank became insolvent and a receiver was appointed for it, who, after notice, and claims of creditors filed, refused the stated claim as a preference, and the court, passing upon the matter, sustained the exception and reserved judgment as to the other claims. There was evidence that the insolvent bank had collected some of the collateral, and had hypothecated other of the collateral to its note given to another bank for money borrowed: *Held,* the judgment rendered only as to this one claim was fragmentary, and will be dismissed.

2. **Same—Record—Suggestions—Parties—Receivers—Reports.**

Upon this fragmentary and partially insufficient record, on appeal, and the case as presented thereon, the Supreme Court suggests that the second bank receiving the collateral sent for collection by the claimant bank be made a party to the suit; and that the report show the amount of indebtedness to the bank claiming the preference, together with the entire amount of the collateral held by it as security for its indebtedness, and its value to the extent practicable.

APPEAL by receivers from *Devin, J.,* at the November Term, 1921, of LENOIR.

Civil action, heard on certain exceptions to report of a receiver.

The record is so imperfect that it is difficult to make satisfactory disposition of the cause, but it appears, we think, with sufficient certainty, that an action was instituted under the provisions of the Consolidated Statutes, to wind up the affairs of an insolvent bank, the Farmers Bank & Trust Company of La Grange, N. C., and a receiver was appointed.

Notice was issued for all creditors to present their claims in writing before said receiver at a specified time and place. That said receiver appeared pursuant to said notice and considered and passed upon all claims that were filed. And thereupon said receiver made his report. And the same is in part in the present record, beginning with section 9. From which it appears that the Hanover Bank of New York claims a preference in the assets by reason of certain collateral sent to insolvent bank for collection, before its doors were closed, under a trust agreement to collect and hold as security for an indebtedness to this bank. It further appears in this excerpt from receiver's report that the insolvent bank, before it closed its doors, collected of this collateral the sum of $16,765, remitted to the Hanover Bank on account, $10,000, and retained the balance of $6,765, which was commingled with the assets of defendant bank. It further appears that of this collateral forwarded to the defendant there were renewals taken by the defendant to the amount of $9,100, which were not returned to the Hanover Bank, but hypothecated with the Atlantic Bank & Trust Company at Greensboro, N. C., as collateral for money loaned to defendant. The report of the receiver in effect ruled that there was no trust existent giving to the Hanover Bank a preferred claim on the assets, but said bank was only a general creditor to the amount of its debt and the assets so collected. On exception, this position was overruled by his Honor, who entered judgment declaring that said Hanover Bank was a preferred creditor to the amount of the $6,765 balance of the amount collected from the collateral, and also to the extent of the $9,100 renewals, with interest, etc. The judgment making such disposition of the matter closing as follows:

"The court reserves any ruling upon or consideration of the report of said receiver except such questions as are adjudicated herein, and continues without prejudice the motion of the receiver that its report be now further considered."

From this judgment the receiver of the Farmers Bank & Trust Company appealed.

*Dickinson & Freeman for Hanover National Bank.*
*Dawson, Manning & Wallace for J. G. Dawson, receiver.*

HOKE, J. From a perusal of the present record, it is clear that the appeal has been prematurely taken, and under the decisions applicable the same must be dismissed without prejudice to the rights of the parties in the premises. *Cement Co. v. Phillips,* 182 N. C., 437; *Beck v. Bank,* 157 N. C., 105; *Pritchard v. Spring Co.,* 151 N. C., 249.

In *Cement Co. v. Phillips, supra,* the position is strongly stated, and supported by numerous authorities, and in *Pritchard's case, supra,* an

action to wind up the affairs of an insolvent corporation, judgment had been entered disposing of exceptions to report, and making distribution of part of assets, but such judgment not making final disposition of the matter, the appeal was dismissed. Speaking to the question in that case, the Court said:

"In this condition of the record, and on the facts indicated, the Court is of opinion that the appeal has been prematurely taken, and that the same must be dismissed without prejudice. It has been the uniform ruling of this Court that when a reference has been entered upon, it must proceed to its proper conclusion, and that an appeal will only lie from a final judgment or one in its nature final. *Brown v. Nimocks,* 126 N. C., 808; *Driller Co. v. Worth,* 117 N. C., 515, and *Haley v. Gray,* 93 N. C., 195.

"If a departure from this procedure is allowed in one case, it could be insisted upon in another, and each claimant, conceiving himself aggrieved, could bring the cause here for consideration, and litigation of this character would be indefinitely prolonged, costs unduly enhanced, and the seemly and proper disposition of causes prevented."

There being only an excerpt from the receiver's report, with no evidence or facts except as relevant to the claim of the Hanover National Bank and no entries showing what claims were presented, we are not in a position to act definitely upon the question, but consider it not improper to intimate that as now advised, it would seem to be necessary to a proper disposition of the questions involved in this litigation that the Atlantic Bank & Trust Company of Greensboro be formally made party to the proceedings. And that the report should disclose the amount of indebtedness of defendant to the Hanover National Bank, together with the entire amount, and as near as may be the value of all the collateral held by said Hanover Bank, as security for said indebtedness.

Appeal dismissed.