STATE OF NORTH CAROLINA EX REL. B. H. HICKS, EXECUTOR, AND BELLE H. PURVIS, EXECUTRIX OF T. T. HICKS, DECEASED, E. L. ROGERS, PERRY BRAME, T. M. BRAME, AND CHARLES W. HARGROVE v. MILDRED W. PURVIS, ADMINISTRATRIX C. T. A. OF S. M. BLACKNALL, DECEASED, AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.

(Filed 22 May, 1935.)

1. **Executors and Administrators G f—Action to recover for certain disbursements as breach of bond held not action to surcharge or falsify final account, and was improperly remanded to clerk.**

Plaintiffs, creditors of the estate, brought action against the administratrix c. t. a. and the surety on her statutory bond, C. S., 33, to recover for disbursements out of the assets of the estate by the administratrix to the heirs at law and distributees in settlement of a caveat proceeding instituted by them, and to certain attorneys at law for services in defending the caveat proceedings, and certain losses to the estate incurred by the administratrix in the operation of the business in which deceased was engaged at the date of his death, and commissions to the administratrix to which they contend she was not entitled. The action was referred to a referee, and upon the filing of the report of the referee the trial court ordered that the final account of the administratrix be remanded to the clerk to adjust and settle in accordance with certain rulings appearing in the order. *Held:* The action or proceeding was not to surcharge or falsify the final account of the administratrix, the correctness of the account not being disputed, but to recover of defendants the amount of the disbursements attacked as being a breach of the statutory bond, and the order in effect remanding the action to the clerk to adjust and settle the final account was error, plaintiffs being entitled to judgment in accordance with the law applicable to the findings of fact by the referee, and a new trial is awarded upon exceptions to the conclusions of law of the referee.

2. **Appeal and Error H a—**

Where both parties appeal from an order entered in the cause upon the report of the referee, and upon plaintiffs' appeal the order is reversed and set aside, the defendant's appeal must be dismissed, since there is no judgment in the record from which an appeal will lie.

APPEAL by plaintiffs and by the defendant The Fidelity and Casualty Company of New York from *Devin, J.,* at January Term, 1935, of VANCE. Error in the appeal of plaintiffs; appeal of the defendant dismissed.

This is an action to recover of the defendants damages for alleged breaches of the statutory bond executed and filed by the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, as principal, and The Fidelity and Casualty Company of New York as surety. The plaintiffs are creditors of the estate of S. M. Blacknall, deceased, holding claims against said estate in the aggregate amount of $21,587.41, as evidenced by notes executed by the said S. M. Blacknall.

The action was begun in the Superior Court of Vance County on 27 January, 1933.

At October Term, 1933, of said court, by consent of the plaintiffs and of the defendant The Fidelity and Casualty Company of New York, and subject to the exception of the defendant Mildred W. Purvis, administratrix *c. t. a.,* the action was referred to a referee for trial. It was heard at January Term, 1935, of said court, upon exceptions to the report of the referee, duly filed by the plaintiffs and by the defendant The Fidelity and Casualty Company of New York. The findings of fact made by the referee, and set out in his report, were approved by the judge, and his conclusions of law, as modified, were affirmed.

It was thereupon ordered and adjudged by the court that the "Final account of said Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, be and the same is remanded to the clerk of the Superior Court of Vance County to adjust and settle the same in accordance with this judgment, to wit: (a) The disallowance of the credit of $10,000 for amount paid to compromise the caveat to the will; (b) the disallowance of the credit of $7,000 for amount paid attorneys to defend the caveat to the will; and (c) for allowance of proper commissions to said administratrix, all of which has been herein specifically set out."

From this order both the plaintiffs and the defendant The Fidelity and Casualty Company of New York appealed to the Supreme Court.

*B. H. Hicks, T. G. Stem, and B. S. Royster, Jr., for plaintiffs.*
*Ruark & Ruark for defendant.*

CONNOR, J. This action was begun in the Superior Court of Vance County to recover of the defendants damages resulting from certain alleged breaches of the bond executed by the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, as principal, and by the defendant The Fidelity and Casualty Company of New York as surety. The bond is in the penal sum of $80,000 and is conditioned

as required by statute. C. S., 33. The plaintiffs are creditors of the estate of S. M. Blacknall, who died in Vance County on 19 April, 1929, leaving a last will and testament, which has been duly probated and recorded. Their claims against the estate are founded upon notes executed by S. M. Blacknall, and aggregate the sum of $21,587.41. These claims have not been paid. There are no assets now in the hands of the defendant Mildred W. Purvis, administratrix *c. t. a.,* for the payment of these claims, or any part of them.

It is alleged in the complaint that the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, some time during the month of June, 1929, wrongfully paid to certain heirs at law and distributees of the estate of S. M. Blacknall, out of the assets of his estate then in her possession, the sum of $10,000 in settlement of a caveat proceeding instituted by said heirs at law and distributees, before the clerk of the Superior Court of Vance County; and that such payment was a breach of her bond, in the nature of a *devistavit,* and resulted in damages to the plaintiffs.

It is further alleged in the complaint that the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, some time during the month of June, 1929, wrongfully paid to certain attorneys at law, employed by her, out of the assets of the estate of the said S. M. Blacknall, deceased, the sum of $7,000, for their services in defending the caveat proceeding which was instituted by heirs at law and distributees of the estate of the said S. M. Blacknall, deceased; that such payment was a breach of her bond, in the nature of a *devistavit,* and resulted in damages to the plaintiffs.

It is further alleged in the complaint that from the date of her qualification as administratrix *c. t. a.* of S. M. Blacknall, deceased, to wit: 23 April, 1929, to some time during the summer of 1932, the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, continued the operation of the business in which the deceased was engaged at the date of his death, and for that purpose wrongfully paid out large sums of money belonging to the estate; and that the use of said money for said purpose was a breach of her bond, in the nature of a *devistavit,* and resulted in damages to the plaintiffs.

It is further alleged in the complaint that because of the said breaches of her bond, the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, deceased, is not entitled to commissions, but that notwithstanding this, she has wrongfully paid to herself, out of the assets of the estate, large sums as commissions, and that such payment was a breach of her bond, in the nature of a *devistavit,* and resulted in damages to the plaintiffs.

In its answer to the complaint the defendant The Fidelity and Casualty Company of New York, surety on the bond of its codefendant, denies that she has breached her bond as alleged in the complaint, in any respect, and among other defenses to plaintiffs' recovery in this action of the said defendant, pleads the three-year statute of limitations, C. S., 441 (6).

This is not an action or proceeding to surcharge or falsify the final account of the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, which was filed in the office of the clerk of the Superior Court of Vance County on 9 December, 1932, and, because of the disqualification of said clerk, by reason of his interest in the estate, audited and approved by the judge of the Superior Court of Vance County. The plaintiffs do not challenge in this action the correctness of said account. They contend that disbursements shown by said account were breaches of the bond sued on, and that by reason of these breaches they are entitled to recover of both the principal and the surety on said bond, the damages which they have sustained as creditors of the estate of S. M. Blacknall, whose just claims have not been paid.

On the facts found by the referee, and approved by the judge, the plaintiffs were entitled to a judgment in accordance with the law applicable to these facts. The order made by the judge, in effect remanding the action to the clerk of the court to adjust and settle the final account of the defendant Mildred W. Purvis, administratrix *c. t. a.* of S. M. Blacknall, in accordance with certain rulings appearing in the order, was error. The order is reversed and set aside, to the end that there may be a new trial of the action on the report of the referee. The correctness of the rulings of the judge on the exceptions to the conclusions of law made by the referee cannot be considered by this Court in the present state of the record; nor should such rulings be deemed conclusive at the new trial.

As the order of the judge, in effect remanding the action to the clerk of the Superior Court of Vance County, has been reversed and set aside, it follows that the appeal of the defendant The Fidelity and Casualty Company of New York from said order must be dismissed. There is no judgment in the record from which an appeal to this Court will lie. See *Pritchard v. Spring Co.*, 151 N. C., 249, 65 S. E., 968, and cases cited.

Error in plaintiffs' appeal.

Defendant's appeal dismissed.